UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** | Chapter 11 |
| **YELLOW CORPORATION,** *et al*[1]. | Case No. 23-11069 (CTG) |
| | (Jointly Administered |
| **Debtors.** | |
| ------------------------------------------------------------x | Adversary Proceeding No. 23-50457 (CTG) |
| JEFF MOORE, ELIZABETH BROOKE MOORE and VIDAL TORRES on behalf of themselves and all others similarly situated, | |
| **Plaintiffs,** | **FIRST AMENDED CLASS ACTION ADVERSARY PROCEEDING COMPLAINT** |
| v. | |
| YELLOW CORPORATION; USF REDDAWAY INC.; 1105481 ONTARIO INC.; YELLOW FREIGHT CORPORATION; EXPRESS LANE SERVICE, INC.; YELLOW LOGISTICS, INC.; NEW PENN MOTOR EXPRESS LLC; YRC ASSOCIATION SOLUTIONS, INC.; ROADWAY EXPRESS INTERNATIONAL, INC.; YRC ENTERPRISE SERVICES, INC.; ROADWAY LLC; YRC FREIGHT CANADA COMPANY; ROADWAY NEXT DAY CORPORATION; YRC INC.; USF BESTWAY INC.; YRC INTERNATIONAL INVESTMENTS, INC.; USF DUGAN INC.; YRC LOGISTICS INC.; USF HOLLAND INTERNATIONAL SALES CORPORATION; YRC LOGISTICS SERVICES, INC.; USF HOLLAND LLC; YRC MORTGAGES, LLC; USF REDSTAR LLC AND YRC REGIONAL TRANSPORTATION, INC. | |
| **Defendants**. | |

---------------------------------------------------------------------

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 511500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

**FIRST AMENDED CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

Jeff Moore, Elizabeth Brooke Moore and Vidal Torres ("Plaintiffs") by and through undersigned counsel, on behalf of themselves and all other similarly situated persons, as and for their First Amended Complaint against Yellow Corporation ("Yellow Corp."); USF Reddaway Inc.; 1105481 Ontario Inc.; Yellow Freight Corporation; Express Lane Service, Inc.; Yellow Logistics, Inc.; New Penn Motor Express LLC; YRC Association Solutions, Inc.; Roadway Express International, Inc.; YRC Enterprise Services, Inc.; Roadway LLC; YRC Freight Canada Company; Roadway Next Day Corporation; YRC Inc.; USF Bestway Inc.; YRC International Investments, Inc.; USF Dugan Inc.; YRC Logistics Inc.; USF Holland International Sales Corporation; YRC Logistics Services, Inc.; USF Holland LLC; YRC Mortgages, LLC; USF RedStar LLC and YRC Regional Transportation, Inc. ("Defendants"), allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

**NATURE OF THE ACTION**

3. This is a class action for the recovery by Plaintiffs and other Similarly Situated Employees of the Defendants, as a single employer, of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 *et. seq.* (the "WARN Act") and, for the California employees, the California Labor Code § 1400 et. seq. ("California WARN Act" and collectively the "WARN Acts"). Pursuant to the WARN Acts' single employer

rule, Defendants were the Plaintiffs' and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about July 28, 2023 and thereafter. The Defendants violated the WARN Acts by failing to give the Plaintiffs and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Acts. As a consequence, the Plaintiffs and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act, and for the California employees, the California WARN Act, to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## PARTIES

4. Upon information and belief, at all relevant times, Defendants maintained facilities throughout the United States, ("the Facilities").

5. Upon information and belief, at all relevant times, Defendants, as a single employer jointly maintained, owned, and operated the Facilities.

6. On or about August 6, 2023, Defendants filed with this Court voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

7. Plaintiffs Jeff Moore and Elizabeth Brooke Moore were bargaining unit employees who were employed by Defendants, as a single employer, and worked at or reported to a facility located at 1892 Airport Ind Park Dr SE Marietta GA 30060 (the "Marietta Facility") until their termination without cause on or about July 28, 2023.

8. Plaintiff Vidal Torres was a non-bargaining unit employee who was employed by Defendants, as a single employer, and worked at or reported to a facility located at 1535 W Pescadero Ave, Tracy, CA, 95304 (the "Tracy Facility") until his termination without cause on or about July 28, 2023.

9. Upon information and belief, at all relevant times, Defendants each jointly maintained, owned and operated the Facilities.

10. Plaintiffs and the Other Similarly Situated Employees were employed by Defendants as a single employer at the Facilities until their termination without cause on or about July 28, 2023 and thereafter at which time Defendants ordered mass layoffs and/or plant closings as defined by the WARN Act, and/or mass layoffs or terminations as defined under the California WARN Act, with regard to the California employees.

11. Upon information and belief, approximately 30,000 persons were employed at the Facilities by Defendants until their termination without cause on or about July 28, 2023 and thereafter.

12. The Plaintiffs bring this action on their own behalf and on behalf of all other employees of the Defendants, pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the WARN Act, and the California WARN Act, with regard to the California employees, who also worked at or reported to the Facilities, and who were terminated as part of or as the foreseeable result of a mass layoff and/or plant closing, as defined by the WARN Act, and/or mass layoffs, relocations, or terminations as defined under the California WARN Act, with regard to the California employees, at the Facilities, ordered by Defendants on or about July 28, 2023 and thereafter (collectively, "the Class").

13. On or about July 28, 2023 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiffs' employment together with the termination of all other employees who worked at or reported to the Facilities as part of a mass layoff and/or plant closing as defined by the WARN Act, and/or mass layoffs or terminations or relocations as defined under the California

4

WARN Act, with regard to the California employees, for which they were entitled to receive 60 days advance written notice.

14.     Upon information and belief, Defendants constituted a "single employer" of the Plaintiffs and the other Class members in that among other things:

*Common Ownership*

(a)   Upon information and belief, Yellow Corp. is the ultimate parent of all of the Defendants.

(b)   Upon information and belief, all of the Defendants shared common ownership;

(c)   Upon information and belief, all of the Defendants shared a principal place of business at 11500 Outlook Street, Suite 400 Overland Park, Kansas 66211

*Common Directors and Officers*

(d)   Upon information and belief, at all relevant times, the Defendants shared common officers and Directors.

*Dependency of Operations*

(e)   Upon information and belief, at all relevant times, all of the Defendants were completely dependent on Yellow Corp. for its daily operating funds which were provided either directly by Yellow Corp. or through financing arranged by Yellow Corp.

*Unity of Personnel Policies*

(f)   Upon information and belief, at all relevant times all of the Defendants maintained common personnel policies which were put into place by Yellow Corp., including payment of wages, as well as a common health care plan all of which was carried out by Yellow Corp.

(g) Upon information and belief, at all relevant times, management-level personnel at all of the Defendants were hired by Yellow Corp.

(h) Upon information and belief, the decision to order a mass layoff and/or plant closing without providing a WARN notice was made by Yellow Corp. on behalf of all of the Defendants.

*De Facto Control*

(i) Upon information and belief, at all relevant times, Yellow Corp. maintained sole control over all critical business decisions made on behalf of all of the Defendants including decisions relating to Plaintiffs' and the Class's employment and specifically, the decision to shut down the Facilities without providing WARN notice.

(j) Upon information and belief, at all relevant times, all management-level personnel hiring and firing at all of the Defendants were conducted by Yellow Corp.

(k) Upon information and belief, the decision to shut down the Facilities without providing proper WARN notice was made by Yellow Corp. on behalf of all of the Defendants; all as a single employer.

**CLASS ACTION ALLEGATIONS PURSUANT TO 29 U.S.C. § 2104 and CALIFORNIA LABOR CODE §§ 1460 et seq.**

15. The Plaintiffs and each person they seek to represent herein, were discharged on or about July 28, 2023 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

16. The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and the California WARN Act, with regard to the California employees, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil

Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated as part of a mass layoff and/or plant closing as defined by the WARN Act, and/or as part of a "mass layoff" or "termination" as defined under the California WARN Act, with regard to the California employees, on or about July 28, 2023 and thereafter, who worked at or reported to the Facilities until their terminations.

17. On or about July 28, 2023 and thereafter, Defendants terminated the Plaintiffs' employment as part of a mass layoff and/or plant closing as defined by the WARN Act, and/or as part of a "mass layoff" or "termination" as defined under the California WARN Act, with regard to the California employees for which they were entitled to receive to sixty (60) days' advance written notice.

18. Defendants as a single employer never gave Plaintiffs the statutorily required sixty (60) days advance written notice of the mass layoff and/or plant closing in violation of the WARN Acts.

19. At or about the time that the Plaintiffs were discharged on or about July 28, 2023 and thereafter, Defendants discharged approximately 30,000 other employees at the Facilities (the "Other Similarly Situated Former Employees") without cause on their part.

20. Pursuant to the WARN Acts, the Plaintiffs maintain this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

21. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Acts.

22. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on their part.

23. The Plaintiffs and each of the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

24. Defendants were required by the WARN Act, and for the California employees, the California WARN Act, to give the Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

25. Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act, and for the California employees, the California WARN Act.

26. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

## CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)

27. The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

28. The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (The "Class")

29. Common questions of law and fact are applicable to all members of the Class.

30. The common questions of law and fact arise from and concern the following facts and

actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act, and for the California employees, the California WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at or reported to the Facilities; Defendants as a single employer terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act, and for the California employees, the California WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

31. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

32. The Plaintiffs' claims are typical of the claims of other members of the Class in that for each of the several acts described above.

33. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

34. The Plaintiffs have the time and resources to prosecute this action and have retained counsel who have had extensive experience in matters involving employee rights, the WARN Acts, class action litigation and bankruptcy court litigation.

35. The Class is so numerous as to render joinder of all members impracticable as there are approximately 30,000 persons who are included in the Class.

36. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

37. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of

law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. Concentrating all the potential litigation concerning the WARN Act rights of the Class members, and for the California employees, the California WARN Act rights of the Class members, in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act/California WARN Act rights of all the Class members.

39. On information and belief, the identities of the Class members are contained in the books and records of Defendants.

40. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

41. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

42. As a result of Defendants' violation of the WARN Act, and for the California employees, the California WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that

period.

### FIRST CLAIM FOR RELIEF-FEDERAL WARN ACT

43. At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

44. At all relevant times, each Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order a mass layoff and/or plant closing at the Facilities.

45. On or about July 28, 2023 and thereafter the Defendants as a single employer ordered a "mass layoff" and/or "plant closing" at the Facilities, as that term is defined by the WARN Act.

46. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

47. The Plaintiffs and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of the plant closing ordered by the Defendants at the Facilities.

48. The Plaintiffs and each of the other members of the Class are "affected employees" of the Defendants within the meaning of the WARN Act.

49. The Defendants were required by the WARN Act to give the Plaintiffs and each of

the other members of the Class at least 60 days advance written notice of his or her termination.

50.     The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

51.     The Plaintiffs and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

52.     The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

53.     The relief sought in this proceeding is equitable in nature.

### SECOND CLAIM FOR RELIEF-CALIFORNIA WARN ACT

54.     Plaintiffs reallege and incorporate by reference all allegations in the proceeding paragraphs.

55.     Plaintiff Vidal Torres ("Torres") and similarly situated employees who worked at or reported to the Tracy Facility and other "covered establishments" in California are former "employees," of Defendants, all as defined in the California WARN Act.

56.     Defendants terminated the employment of Torres and other similarly situated California employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in the California WARN Act beginning on or about July 28, 2023 and thereafter.

57.     At all relevant times, each Defendant was an "employer" as defined in the California WARN Act.

58.     Defendants violated the California WARN Act by ordering a "mass layoff,"

"relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred.

59. As a result of Defendants' violation of the California WARN Act, Torres and the other similarly situated California employees are entitled to damages in an amount to be determined in accordance with the California WARN Act.

60. Torres has incurred and the other similarly situated California employees will incur attorneys' fees in prosecuting this claim and are entitled to an award of attorneys' fees under the California WARN Act.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of each of the other Class members demand judgment, jointly and severally, against Defendants as follows:

    A. An allowed priority claim pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $15,150 against Defendants in favor of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, and for the California employees, the California WARN Act, with any remainder as a general unsecured claim;

    B. A judgment against Defendants in favor of the Plaintiffs and the other Class members for the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum

of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, and for the California employees, the California WARN Act;

      C.      Certification that the Plaintiffs and the other Class members constitute a single class;

      D.      Appointment of the undersigned attorneys as Class Counsel;

      E.      Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

      F.      An allowed claim against Defendants for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Acts;

      G.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

November 10, 2023

By: /s/ James E. Huggett
MARGOLIS EDELSTEIN
James E. Huggett (#3956)
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
Phone 302-888-1112
Fax 302-888-1119

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
The Gardner Firm, P.C.
182 St. Francis Street, Suite 103
Mobile, AL 36602
Telephone: (251) 433-8100

Facsimile: (251) 433-8181

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
Johnathan Miller
100 Church Street
8th Floor
New York, NY 10007
O: (212) 581-5005

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
4605 Cass Ave.
Detroit, Michigan 48201
P:(313) 993-4505

*Attorneys for Plaintiffs and the Proposed Class*