## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re

**YELLOW CORPORATION, *et al[1]*.**

**Debtors.**

-----------------------------------------------------------x

**JEFF MOORE, ELIZABETH BROOKE MOORE, VIDAL TORRES, ARMANDO RIVERA, JOHN FRANKLIN, JR., NICOLE GONZALEZ, RICHARD WEBB, SCOTT WEBB, DARYL DEVINE, RICHIE RICHARDSON, PAUL ASHLEY, BRANDON WILSON, DUSTIN PAGE, KIMBERLY SULLIVAN, ANTONIO REYES, SPENCER SHOOK, JOSEPH DUGUAY, SHEILA WOOD, SHELDON KINNEY, DUSTIN KELL, CHRISTOPHER DOWDY, ALEXIS GREEN, GREGORY HALL, MIGUEL MARTINEZ, RHONDA DVORAK and RODNEY DAMM JR on** behalf of themselves and all others similarly situated,

**Plaintiffs,**

**v.**

**YELLOW CORPORATION; USF REDDAWAY INC.; 1105481 ONTARIO INC.; YELLOW FREIGHT CORPORATION; EXPRESS LANE SERVICE, INC.; YELLOW LOGISTICS, INC.; NEW PENN MOTOR EXPRESS LLC; YRC ASSOCIATION SOLUTIONS, INC.; ROADWAY EXPRESS INTERNATIONAL, INC.; YRC ENTERPRISE SERVICES, INC.; ROADWAY LLC; YRC FREIGHT CANADA COMPANY; ROADWAY NEXT DAY CORPORATION; YRC**

**Chapter 11**
**Case No. 23-11069 (CTG)**
**(Jointly Administered**

**Adversary Proceeding No. 23-50457 (CTG)**

**SECOND AMENDED CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

---

1 A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 511500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

**INC.; USF BESTWAY INC.; YRC
INTERNATIONAL INVESTMENTS, INC.; USF
DUGAN INC.; YRC LOGISTICS INC.; USF
HOLLAND INTERNATIONAL SALES
CORPORATION; YRC LOGISTICS SERVICES,
INC.; USF HOLLAND LLC; YRC MORTGAGES,
LLC; USF REDSTAR LLC AND YRC
REGIONAL TRANSPORTATION, INC.**

**Defendants**.

-----------------------------------------------------------------

### SECOND AMENDED CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Jeff Moore, Elizabeth Brooke Moore, Vidal Torres, Armando Rivera, John Franklin, Jr.,

Nicole Gonzalez, Richard Webb, Scott Webb, Daryl Devine, Richie Richardson, Paul Ashley,

Brandon Wilson, Dustin Page, Kimberly Sullivan, Antonio Reyes, Spencer Shook, Joseph

Duguay, Sheila Wood, Sheldon Kinney, Dustin Kell, Christopher Dowdy, Alexis Green,

Gregory Hall, Miguel Martinez, Rhonda Dvorak and Rodney Damm Jr. ("Plaintiffs") by and

through undersigned counsel, on behalf of themselves and all other similarly situated persons, as

and for their Second Amended Complaint against Yellow Corporation ("Yellow Corp."); USF

Reddaway Inc.; 1105481 Ontario Inc.; Yellow Freight Corporation; Express Lane Service, Inc.;

Yellow Logistics, Inc.; New Penn Motor Express LLC; YRC Association Solutions, Inc.;

Roadway Express International, Inc.; YRC Enterprise Services, Inc.; Roadway LLC; YRC

Freight Canada Company; Roadway Next Day Corporation; YRC Inc.; USF Bestway Inc.; YRC

International Investments, Inc.; USF Dugan Inc.; YRC Logistics Inc.; USF Holland International

Sales Corporation; YRC Logistics Services, Inc.; USF Holland LLC; YRC Mortgages, LLC;

USF RedStar LLC and YRC Regional Transportation, Inc. ("Defendants"), allege as follows:

2

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3.      This is a class action for the recovery by Plaintiffs and Other Similarly Situated Employees of the Defendants, as a single employer, of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 *et. seq.* (the "WARN Act");  the California Labor Code § 1400 et. seq. ("California WARN Act") for the California Employees (defined herein) and for the New Jersey Employees (defined herein) the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act" and collectively with the WARN Act and California WARN Act,  the "WARN Acts").

 Pursuant to the WARN Acts' single employer rule, Defendants were the Plaintiffs' and the Other Similarly Situated Employees' "Employer" until they were terminated on or about July 28, 2023, within thirty days of that date or thereafter, as part of, or as a result of mass layoffs and/or plant closings ordered by Defendants. The Defendants violated the WARN Acts by failing to give the Plaintiffs and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act and California WARN Act or 90 days' notice as required by the New Jersey WARN Act.  As a consequence, the Plaintiffs and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act,  and  the

California WARN Act for the California Employees,  to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid. Further, the New Jersey Employees are entitled under the New Jersey WARN Act to damages for severance pay equivalent to one week of pay for each full year that he or she worked, plus an additional four weeks of severance pay, pursuant to N.J. Stat. Ann. § 34:21-2(b).

## **PARTIES**

4.      Upon information and belief, at all relevant times, Defendants maintained facilities throughout the United States, ("the Facilities" and each a "Facility").

5.      Upon information and belief, at all relevant times, Defendants, as a single employer jointly maintained, owned and operated the Facilities.

6.      Approximately 25,500 persons were employed by Defendants at the Facilities until their termination on or about July 28, 2023.

7.      Defendants halted their operations at the Facilities on or about July 28, 2023.

8.      On or about July 28, 2023 and thereafter, Defendants terminated approximately 3,500 non-bargaining unit employees and approximately 22,000 union employees.

9.      On or about August 6, 2023, Defendants filed with this Court voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

10.      Plaintiffs Jeff Moore, Elizabeth Brooke Moore, Armando Rivera, John Franklin, Jr., Nicole Gonzalez, Richard Webb, Scott Webb, Daryl Devine, Richie Richardson, Paul Ashley, Brandon Wilson, Dustin Page, Kimberly Sullivan, Antonio Reyes, Spencer Shook, Joseph Duguay, Sheila Wood, Sheldon Kinney, Dustin Kell, Christopher Dowdy, Rhonda Dvorak and Rodney Damm

Jr. were bargaining unit employees (collectively, the "Bargaining Unit Plaintiffs")2 who were employed by Defendants, as a single employer, and worked at, reported to, or received assignments from  one or more of the Facilities until their termination without cause on or about July 28, 2023.

11.    Plaintiff Vidal Torres was a non-bargaining unit employee who was employed by Defendants, as a single employer, and worked at or reported to a Facility located at 1535 W Pescadero Ave, Tracy, CA, 95304 until his termination without cause on or about July 28, 2023.

12.    Plaintiff Miguel Martinez was a non-bargaining unit employee who was employed by Defendants, as a single employer, and worked at or reported to a Facility located at 15400 S. Main St., Gardena, California  until his termination without cause on or about June 30, 2023

13.    Plaintiff Alexis Green was a non-bargaining unit employee who was employed by Defendants, as a single employer, and worked at or reported to a Facility located at 128455 48th Avenue, Tukwila, Washington until her termination without cause on or about July 28, 2023.

14.    Plaintiff Gregory Hall was a non-bargaining unit employee who was employed by Defendants, as a single employer, and worked at or reported to a Facility located at 49 Thomas J. Rhodes Industrial Road, Hamilton, New Jersey until his termination without cause on July 28, 2023.

15.    Upon information and belief, at all relevant times, Defendants each jointly maintained, owned and operated the Facilities.

---

[2] On or about November 10, 2023, the International Brotherhood of Teamsters ("Teamsters") and the International Association of Machinists ("IAM" and collectively with Teamsters, the "Unions") filed proofs of claim, on their own behalf and on behalf of their bargaining unit members, against the Debtors which include claims under the WARN Act. The Unions have the authority to represent their bargaining unit employees on WARN Act claims, *See, e.g*., 29 U.S.C. § 2101 (a)(4). Jeff Moore, Elizabeth Brooke Moore, Armando Rivera, John Franklin, Jr., Nicole Gonzalez, Richard Webb, Scott Webb, Daryl Devine, Richie Richardson, Paul Ashley, Brandon Wilson, Dustin Page, Kimberly Sullivan, Antonio Reyes, Spencer Shook, Joseph Duguay, Sheila Wood, Sheldon Kinney, Dustin Kell, Christopher Dowdy, Rhonda Dvorak and Rodney Damm, Jr. are Teamsters' bargaining unit employees whose WARN claims have now been asserted  by the Teamsters.

16. Plaintiffs and the Other Similarly Situated Employees were employed by Defendants as a single employer and worked at, reported to, or received assignments from the Facilities until their termination without cause on or about July 28, 2023, within thirty days of that date or thereafter at which time Defendants ordered mass layoffs and/or plant closings as defined by the WARN Act, and/or mass layoffs or terminations as defined under the California WARN Act, with regard to the California Employees and/or a mass layoff and/or termination of operations as defined by New Jersey WARN Act, with regard to the New Jersey Employees.

17. Approximately 25,500 persons were employed at the Facilities by Defendants until their termination without cause on or about July 28, 2023 and thereafter.

18. The Plaintiffs bring this action on their own behalf and on behalf of all other employees of the Defendants, pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the WARN Act, the California WARN Act, and the New Jersey WARN Act, who worked at, reported to, or received assignments from any Defendant's Facilities across the United States and were terminated without cause on their part, on or, about July 28, 2023, within thirty days of that date or thereafter as part of, or as the reasonably expected consequence of –(a) mass layoffs and/or plant closings (as defined by the WARN Act; and/or (b) (with respect to California Employees) mass layoffs, relocations, or terminations as defined under the California WARN Act; and/or (c) (with respect to New Jersey Employees) mass layoffs and/or termination of operations as defined by the New Jersey WARN Act – ordered by one or more Defendants (collectively, "the Class").

19.     On or about July 28, 2023, within thirty days of that date or thereafter, Defendants, as a single employer, ordered the termination of the Plaintiffs' employment together with the termination of the Class for which they were entitled to receive at least 60 days advance written notice.

20.     Upon information and belief, Defendants constituted a "single employer" of the Plaintiffs and the other Class members in that among other things:

### Common Ownership

(a)     Upon information and belief, Yellow Corp. is the ultimate parent of all of the Defendants;

(b)     Upon information and belief, all of the Defendants shared common ownership;

(c)     Upon information and belief, all of the Defendants shared a principal place of business at 11500 Outlook Street, Suite 400 Overland Park, Kansas 66211;

### Common Directors and Officers

(d)     Upon information and belief, at all relevant times, the Defendants shared common officers and Directors;

### Dependency of Operations

(e)     Upon information and belief, at all relevant times, all of the Defendants were completely dependent on Yellow Corp. for its daily operating funds which were provided either directly by Yellow Corp. or through financing arranged by Yellow Corp.;

### Unity of Personnel Policies

(f)   Upon information and belief, at all relevant times all of the Defendants maintained common personnel policies which were put into place by Yellow Corp., including payment of wages, as well as a common health care plan all of which was carried out by Yellow Corp.;

(g)   Upon information and belief, at all relevant times, management-level personnel at all of the Defendants were hired by Yellow Corp.;

(h)   Upon information and belief, the decision to order a mass layoff and/or plant closing without providing a WARN notice was made by Yellow Corp. on behalf of all of the Defendants;

*De Facto Control*

(i)   Upon information and belief, at all relevant times, Yellow Corp. maintained sole control over all critical business decisions made on behalf of all of the Defendants including decisions relating to Plaintiffs' and the Class's employment and specifically, the decision to shut down the Facilities without providing WARN notice;

(j)   Upon information and belief, at all relevant times, all management-level personnel hiring and firing at all of the Defendants were conducted by Yellow Corp.;

(k)   Upon information and belief, the decision to shut down the Facilities without providing proper WARN notice was made by Yellow Corp. on behalf of all of the Defendants; all as a single employer.

## CLASS ACTION ALLEGATIONS PURSUANT TO THE WARN ACTS

21.     The Plaintiffs3 and each person they seek to represent herein, were discharged on or about July 28, 2023 and thereafter without cause on his or her part as part of or as the foreseeable result of a mass layoff and/or plant closing, as defined by the WARN Act, and/or mass layoffs, relocations, or terminations as defined under the California WARN Act, with regard to the California Employees, and/or a mass layoff and/or termination of operations as defined by New Jersey WARN Act, with regard to the New Jersey Employees, ordered by Defendants on or about July 28, 2023, within thirty days of that date or thereafter.

22.     The Plaintiffs bring this action on their own behalf and on behalf of the Class pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the WARN Act, the California WARN Act, with regard to the California Employees and the New Jersey WARN Act, with regard to the New Jersey Employees. .

23.     On or about July 28, 2023 and thereafter, Defendants terminated the Plaintiffs and each person they seek to represent herein, without cause on their part, at which time Defendants ordered –(a) mass layoffs and/or plant closings (as defined by the WARN Act; and/or (b) (with respect to California Employees) mass layoffs, relocations, or terminations as defined under the California WARN Act; and/or (c) (with respect to New Jersey Employees) mass layoffs and/or termination of operations as defined by New Jersey WARN Act - for which they were entitled to receive to at least sixty (60) days' advance written notice.

24.     Defendants as a single employer never gave Plaintiffs the statutorily required sixty (60) days advance written notice of the mass layoff and/or plant closing as required by the WARN

---

[3] As noted earlier, and in light of the fact that the Teamsters recently asserted WARN claims encompassing the Bargaining Unit Plaintiffs, their claims are precautionarily asserted here to ensure representation against any changes of circumstances.

Act and California WARN Act or 90 days' notice as required by the New Jersey WARN Act for the New Jersey Employees.

25.     At or about the time that the Plaintiffs were discharged on or about July 28, 2023 and thereafter, Defendants discharged approximately approximately 25,500 other employees at the Facilities (the "Other Similarly Situated Former Employees") without cause on their part.

26.     Pursuant to the WARN Acts, the Plaintiffs maintain this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

27.     Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Acts.

28.     The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on their part.

29.     Defendants were required by the WARN Act, and for the California Employees, the California WARN Act, to give the Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations or 90 days' notice as required by the New Jersey WARN Act for the New Jersey Employees.

30.     Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Acts.

31.     Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under

ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective

terminations. Further, Defendants failed to pay the New Jersey Employees damages for severance

pay equivalent to one week of pay (calculated at their average rate of compensation during the last

three years of employment with Defendants or the final regular rate of compensation, whichever is

higher) for each full year that he or she worked. Defendants also failed to pay the New Jersey

Employees an additional four weeks of severance pay, pursuant to N.J. Stat. Ann. § 34:21-2(b).

### CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)

32.    The Plaintiffs assert this claim on behalf of themselves and the Other

Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of

Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

33.     The Plaintiffs and the Other Similarly Situated Former Employees constitute a class

within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a)

and (b)(3) of the Federal Rules of Civil Procedure.

34.    Common questions of law and fact are applicable to all members of the Class.

35.    The common questions of law and fact arise from and concern the following facts and

actions, among others, that Defendants committed or failed to commit as to all members of the Class:

all Class members were employees of Defendants who, prior to the terminations, worked at, reported

to, or received assignments from the Facilities; Defendants as a single employer terminated the

employment of all the members of the Class without cause on their part without giving them at least

sixty (60) days' prior written notice as required by the WARN Act, and/or the California WARN Act,

with regard to California Employees or 90 days' notice as required by the New Jersey WARN Act

for New Jersey Employees; Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations; Defendants failed to pay the New Jersey Employees damages for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment with Defendants or the final regular rate of compensation, whichever is higher) for each full year that he or she worked. Defendants also failed to pay the New Jersey Employees an additional four weeks of severance pay, pursuant to N.J. Stat. Ann. § 34:21-2(b).

36.    The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

37.    The Plaintiffs' claims are typical of the claims of other members of the Class in that Plaintiffs, and each person they seek to represent herein, worked at, reported to, or received assignments from Defendants' facilities across the United States, and were terminated, without cause on their part, on or about July 28, 2023, within thirty days of that date or thereafter as part of, or as the reasonably expected consequence of – (a) mass layoffs and/or plant closings (as defined by the WARN Act; and/or (b) (with respect to California Employees) mass layoffs, relocations, or terminations as defined under the California WARN Act; and/or (c) (with respect to New Jersey Employees) mass layoffs and/or termination of operations as defined by New Jersey WARN Act -- ordered by Defendants for which they were entitled to receive to at least sixty (60) days' advance written notice.

38.    The Plaintiffs will fairly and adequately protect and represent the interests of the

Class.

39.     The Plaintiffs have the time and resources to prosecute this action and have retained counsel who have had extensive experience in matters involving employee rights, the WARN Acts, class action litigation and bankruptcy court litigation.

40.     The Class is so numerous as to render joinder of all members impracticable as there are thousands of persons who fall within the Class.

41.     The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

42.     The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.     Concentrating all the potential litigation concerning the rights of the Class members under the WARN Acts in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Acts rights of all the Class members.

39.     On information and belief, the identities of the Class members are contained in the books and records of Defendants.

40.     On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

41.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class member at the time of his/her termination are contained in the books and

records of Defendants.

42.     As a result of Defendants' violation of the WARN Acts,  the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period. Further, as a result of Defendants' violation of the New Jersey WARN Act, the New Jersey Employees are entitled to damages for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment with Defendants or the final regular rate of compensation, whichever is higher) for each full year that he or she worked. In addition, the New Jersey Employees are entitled to an additional four weeks of severance pay, pursuant to N.J. Stat. Ann. § 34:21-2(b).

## FIRST CLAIM FOR RELIEF-FEDERAL WARN ACT

43.     At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

14

44.    At all relevant times, each Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order a mass layoff and/or plant closing at the Facilities.

45.    On or about July 28, 2023, within thirty days of that date or thereafter the Defendants as a single employer ordered a "mass layoff" and/or "plant closing" at each of the Facilities, as defined by the WARN Act.

46.    The mass layoff and/or plant closing at each of the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

47.    The Plaintiffs and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of the mass layoffs and/or plant closings ordered by the Defendants at the Facilities.

48.    The Plaintiffs and each of the other members of the Class are "affected employees" of the Defendants within the meaning of the WARN Act.

49.    The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of his or her termination.

50.    The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

51.    The Plaintiffs and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

52.     The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for sixty (60) calendar days from and after the dates of their respective terminations.

53.     The relief sought in this proceeding is equitable in nature.

## SECOND CLAIM FOR RELIEF-CALIFORNIA WARN ACT

54.     Plaintiffs reallege and incorporate by reference all allegations in the proceeding paragraphs.

55.     Plaintiffs Vidal Torres ("Torres"), Miguel Martinez ("Martinez") and similarly situated employees who worked at, reported to, or received assignments from Facilities in California (including Tracy, Gardena, Bloomington ,Visalia, Sun Valley, Santa Maria, Santa Clara, Diego, Sacramento, Brisbane, Santa Rosa, Anderson, West Sacramento, Pomona. Pico Rivera, Orange, Ventura, Downey, Hayward, Fresno, Fontana, Eureka, Adelanto, Calexico, and Bakersfield) which were "covered establishments" are former "employees," of Defendants, all as defined in the California WARN Act (the "California Employees").

56.     Defendants terminated the employment of the California Employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in the California WARN Act beginning on or about July 28, 2023 and thereafter.

57.     At all relevant times, each Defendant was an "employer" as defined in the California WARN Act.

58. Defendants violated the California WARN Act by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred.

59. As a result of Defendants' violation of the California WARN Act, the California Employees are entitled to damages in an amount to be determined in accordance with the California WARN Act.

60. Torres and Martinez have incurred and the California Employees will incur attorneys' fees in prosecuting this claim and are entitled to an award of attorneys' fees under the California WARN Act.

## THIRD CLAIM FOR RELIEF-NEW JERSEY WARN ACT

61. Plaintiffs reallege and incorporate by reference all allegations in the proceeding paragraphs.

62. At all relevant times, Defendants were an individual or private business entity defined as "employer" under the New Jersey WARN Act and continued to operate as a business until they decided to terminate operations at the Establishment and/or Facilities as defined by PL. 2007, c.212, C.34:21-2.

63. Defendants operated facilities in Millville, Carlstadt, Kearny. South Plainfield, Hamilton, Cinnaminson, and Mercerville, New Jersey, all of which closed on or about July 28, 2023.

64. On or about July 28, 2023, within thirty days of that date or thereafter, Defendants

ordered a mass layoff and/or termination of operations as defined by PL. 2007, c.212, C.34:21-2.

65.     Plaintiff Gregory Hall ("Hall") and similarly situated employees who worked at, reported to, or received assignments from Facilities in New Jersey suffered a termination of employment as defined by PL. 2007, c.212, C.34:21-2, having been terminated by Defendants without cause on their part (the "New Jersey Employees").

66.     Defendants were required by the New Jersey WARN Act to give the New Jersey Employees at least 90 days advance written notice of their terminations.

67.     Defendants failed to give the New Jersey Employees written notice that complied with the requirements of the New Jersey WARN Act.

68.     Defendants failed to pay the New Jersey Employees their respective lost wages, benefits and other remuneration, including severance pay equal to one week of pay (calculated at their average rate of compensation during the last three years of employment or the final regular rate of compensation, whichever is higher) for each full year that they worked, plus an additional four weeks of mandatory severance pay.

69.     The New Jersey Employees also bring a claim under the New Jersey WARN Act for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment with Defendants or the final regular rate of compensation, whichever is higher) for each full year that he or she worked. In addition, the New Jersey Employees are entitled, in addition to the mandatory severance payment, to an additional four weeks of severance pay.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of each of the other Class members demand judgment, jointly and severally, against Defendants as follows:

A.      An allowed  priority claim pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $15,150 against Defendants in favor of each of the Plaintiffs and Class members equal to the sum of: (a) wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations, plus pension, 401(k) contributions and other ERISA benefits, for sixty (60) calendar days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, and for the California Employees, the California WARN Act, with any remainder as a general unsecured claim;

B.      An allowed  priority claim pursuant to 11 U.S.C. § 507(a)(4) up to $15,150 against Defendants in favor of each of the New Jersey Employees for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment with Defendants or the final regular rate of compensation, whichever is higher) for each full year that he or she worked, plus an additional four weeks of severance pay, pursuant to the New Jersey WARN Act, with any remainder as a general unsecured claim;

C.      A judgment against Defendants in favor of the Plaintiffs and the other Class members for the damages claimed herein;

C.      Certification that the Plaintiffs and the other Class members constitute a single class;

D.      Appointment of the undersigned attorneys as Class Counsel;

19

E.      Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

F.      An allowed claim against Defendants for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Acts;

G.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

December __, 2023

By: /s/ _James E. Huggett__
MARGOLIS EDELSTEIN
James E. Huggett (#3956)
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
Phone 302-888-1112
Fax 302-888-1119

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
The Gardner Firm, P.C.
182 St. Francis Street, Suite 103
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
Johnathan Miller
100 Church Street
8th Floor
New York, NY 10007
O: (212) 581-5005

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
4605 Cass Ave.
Detroit, Michigan 48201
P:(313) 993-4505

and

**RAISNER ROUPINIAN LLP**
Jack A. Raisner
René S. Roupinian
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Plaintiffs and the Proposed*
*Class*