**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 CTG |
| | ) | |
| *Debtors*. | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | _____ |
| | ) | |
| JEFF MOORE and ELIZABETH BROOKE MOORE and VIDAL TORRES on behalf of themselves and all others similarly situated, | ) ) ) | Adversary Proceeding Case No. 23-50457-CTG |
| | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YELLOW CORPORATION; USF REDDAWAY INC.; 1105481 ONTARIO INC.; YELLOW FREIGHT CORPORATION; EXPRESS LANE SERVICE, INC.; YELLOW LOGISTICS, INC.; NEW PENN MOTOR EXPRESS LLC; YRC ASSOCIATION SOLUTIONS, INC.; ROADWAY EXPRESS INTERNATIONAL, INC.; YRC ENTERPRISE SERVICES, INC.; ROADWAY LLC; YRC FREIGHT CANADA COMPANY; ROADWAY NEXT DAY CORPORATION; YRC INC.; USF BESTWAY INC.; YRC INTERNATIONAL INVESTMENTS, INC.; USF DUGAN INC.; YRC LOGISTICS INC.; USF HOLLAND INTERNATIONAL SALES CORPORATION; YRC LOGISTICS SERVICES, INC.; USF HOLLAND LLC; YRC MORTGAGES, LLC; USF REDSTAR LLC AND YRC REGIONAL TRANSPORTATION, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

DE:4872-8158-7095.1 96859.001

**<u>DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION ADVERSARY PROCEEDING COMPLAINT</u>**

The above-captioned Defendants (the "<u>Defendants</u>," the "<u>Debtors</u>," or the "<u>Company</u>") by and through their undersigned counsel, hereby answer the *First Amended Class Action Adversary Proceeding Complaint* ("<u>Complaint</u>") [Dkt. 12] filed by the above-captioned Plaintiffs in accordance with the numbered paragraphs thereof as follows. For the avoidance of doubt, Defendants do not consider the headings and subheadings in Plaintiffs' Complaint to be allegations to which a response is required, but to the extent a response is required, they are denied. Moreover, for the avoidance of doubt, all allegations not expressly admitted are denied.

## I. JURISDICTION AND VENUE

1. The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

2. The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

## II. NATURE OF THE ACTION

3. Defendants admit that Plaintiffs purport to bring a claim under the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. (the "<u>WARN Act</u>") and, for the California employees, the California Labor Code § 1400 *et. seq*. ("<u>California WARN Act</u>" and collectively the "<u>WARN Acts</u>"). The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

## III. PARTIES

4.      Defendants admit that Defendants maintained facilities throughout the United States (the "Facilities") until June 30, 2023.

5.      Defendants deny that Defendants jointly maintained, owned, and operated the Facilities. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

6.      Defendants admit the allegations in this paragraph.

7.      Defendants admit that Plaintiffs Jeff Moore and Elizabeth Brooke Moore were bargaining unit employees of Defendant YRC Inc. dba YRC Freight, but deny they were employed by any other Defendant. Defendants further admit Plaintiffs Jeff Moore and Elizabeth Brooke Moore worked at or reported to a facility located at 1892 Airport Ind Park Dr SE Marietta GA 30060 (the "Marietta Facility") until their termination on or about July 28, 2023. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

8.      Defendants admit that Plaintiff Vidal Torres was a non-bargaining unit employee of Defendant YRC Inc. dba YRC Freight, but deny he was employed by any other Defendant. Defendants further admit Plaintiff Vidal Torres worked at or reported to a facility located at 1535 E Pescadero Ave, Tracy, CA, 95304 (the "Tracy Facility") until his termination on or about July 28, 2023. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

9.      Defendants deny that Defendants jointly maintained, owned, and operated the Facilities.

10. Defendants deny that Plaintiffs Jeff Moore, Elizabeth Brooke Moore and Vidal Torres were employed by Defendants as a single employer. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed class members, and as such they are denied. Defendants admit that on July 28, 2023, Defendants terminated approximately 3,500 employees who executed release agreements, which waived claims, including under the WARN Acts, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees. Defendants further admit that Defendants halted their operations on July 30, 2023. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

11. Defendants admit that approximately 25,500 persons were employed at the Facilities by Defendants until their termination on or about July 28, 2023 and thereafter. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

12. Defendants admit only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated former employees pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the WARN Act, and with regard to the California employees, the California WARN Act. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that the class is appropriate and deny that they violated any law.

13. Defendants admit that on July 28, 2023, Defendants terminated approximately 3,500 employees who executed release agreements, which waived claims, including under the WARN Acts, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees. Defendants further admit that Defendants halted their operations on July 30, 2023. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

14. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

    a) Defendants admit the allegations in this paragraph.

    b) Defendants admit the allegations in this paragraph.

    c) Defendants admit the allegations in this paragraph.

    d) Defendants deny the allegations in this paragraph.

    e) Defendants deny the allegations in this paragraph.

    f) Defendants deny the allegations in this paragraph.

    g) Defendants deny the allegations in this paragraph.

    h) Defendants deny the allegations in this paragraph.

    i) Defendants deny the allegations in this paragraph.

    j) Defendants deny the allegations in this paragraph.

    k) The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

## IV. CLASS ACTION ALLEGATIONS PURSUANT TO 29 U.S.C. § 2104 and CALIFORNIA LABOR CODE §§ 1460, *et seq.*

15. Defendants admit that Plaintiffs Jeff Moore, Elizabeth Brooke Moore and Vidal Torres were discharged on or about July 28, 2023. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed class members, and as such they are denied. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

16. Defendants admit only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated former employees pursuant to the WARN Act, and the California WARN Act, with regard to the California employees and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy, and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that the class is appropriate and deny that they violated any law.

17. Defendants admit that on July 28, 2023, Defendants terminated approximately 3,500 employees who executed release agreements, which waived claims, including under the WARN Acts, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees. Defendants further admit that Defendants halted their operations on July 30, 2023, and that Plaintiffs Jeff Moore, Elizabeth Brooke Moore and Vidal Torres were terminated on or about July 28, 2023. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

18. Defendants deny that notice was inadequate under the WARN Acts or any other law. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

19. Defendants admit that approximately 25,500 persons were employed at the Facilities by Defendants until their termination on or about July 28, 2023 and thereafter. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

20. Defendants admit only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated former employees pursuant to the WARN Acts. Defendants deny that the class is appropriate and deny that they violated any law.

21. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

22. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, Defendants admit that the three named plaintiffs were discharged by Defendant YRC Inc. dba YRC Freight. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

23. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied. Defendants deny that they violated the WARN Acts.

24. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

25. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that notice was inadequate under the WARN Acts or any other law.

26. Defendants admit Plaintiffs and other former employees have not been paid anything since their termination.

## V. CLASS ACTION ALLEGATIONS RULE 7023(a) and (b)

27. Defendants admit only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated former employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Defendants deny that the class is appropriate and deny that they violated any law.

28. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, Defendants deny that the class is appropriate.

29. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

30. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

31. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants are presently

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and as such they are denied.

32. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and as such they are denied.

33. Defendants are presently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and as such they are denied.

34. Defendants are presently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and as such they are denied.

35. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

36. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

37. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

38. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and as such they are denied.

39. Defendants admit that the Defendants' records contain the identities of the three named plaintiffs. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

40. Defendants admit that the Defendants' records contain a recent residence address for the three named plaintiffs at the time of their termination. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

41. Defendants admit that the Defendants' records include the rate of pay and benefits that were being paid to the three named plaintiffs at the time of their termination. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

42. Defendants deny the allegations in this paragraph.

### VI. FIRST CLAIM FOR RELIEF-FEDERAL WARN ACT

43. Defendants admit the allegations in this paragraph.

44. Defendants operated as businesses until they ceased operations on June 30, 2023. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

45. Defendants admit that on July 28, 2023, Defendants terminated approximately 3,500 employees who executed release agreements, which waived claims, including under the WARN Acts, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees. Defendants further admit that Defendants halted their operations on July 30, 2023. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

46. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

47. Defendants admit that on July 28, 2023, Defendants announced that they would cease operations and notified certain workers, including Plaintiffs Jeff Moore, Elizabeth Brooke Moore and Vidal Torres, that their employment would be terminated as a result. Defendants admit that on July 28, 2023, Defendants terminated approximately 3,500 employees who executed release agreements, which waived claims, including under the WARN Acts, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees. Defendants further admit that Defendants halted their operations on July 30, 2023, and that Plaintiffs Jeff Moore, Elizabeth Brooke Moore and Vidal Torres were terminated on or about July 28, 2023. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

48. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied. Defendants deny that they violated the WARN Acts.

49. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

50. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that notice was inadequate under the WARN Acts or any other law.

51. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

52. Defendants admit Plaintiffs and other former employees have not been paid anything since their termination.

53. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

SECOND CLAIM FOR RELIEF-CALIFORNIA WARN ACT

54. Defendants reallege and incorporate by reference all responses in the proceeding paragraphs.

55. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

56. Defendants admit that on July 28, 2023, Defendants announced that they would cease operations and notified certain workers, including Plaintiff Vidal Torres, that their employment would be terminated as a result. Defendants admit that on July 28, 2023, Defendants terminated approximately 3,500 employees who executed release agreements, which waived claims, including under the WARN Acts, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees. Defendants further admit that

Defendants halted their operations on July 30, 2023, and that Plaintiff Vidal Torres was terminated on or about July 28, 2023. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

57. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

58. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

59. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

60. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

Defendants deny the allegations in the WHEREFORE clause and the following paragraphs A–G.

## VII. AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses, without accepting the burden of proof on any claim or defense where such burden would otherwise be on Plaintiff.

### First Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the unforeseeable business circumstances exception to the WARN Act.

### Second Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the faltering company exception to the WARN Act.

### Third Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the liquidating fiduciary exception to the WARN Act.

### Fourth Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the terminations caused by a labor strike exception to the WARN Act.

### Fifth Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred in whole or in part by the doctrine of unclean hands, estoppel or waiver.

### Sixth Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred in whole or in part by his or her failure to mitigate damages.

### Seventh Affirmative Defense

The claims of Plaintiffs and all other persons alleged to be similarly situated are barred because any act or omission by Defendants was in good faith and without intent to deny Plaintiffs or class members rights and Defendants had reasonable grounds for believing it was not in violation of the federal or local WARN Act.

<u>Eighth Affirmative Defense</u>

This lawsuit should be dismissed because it is procedurally improper and not ripe for the Court's adjudication.

<u>Ninth Affirmative Defense</u>

There is no legal basis for Plaintiffs to recover certain of the damages asserted.

<u>Tenth Affirmative Defense</u>

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred to the extent they signed release agreements that bar such claims. Thousands of former employees, including named Plaintiff Vidal Torres, executed release agreements, which waived claims, including under the WARN Acts, in consideration for severance payments from the Company. *See* Torres Release, attached hereto as Exhibit A (illustrative example of the form release agreement thousands of former employees signed).

<u>Eleventh Affirmative Defense</u>

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred to the extent they are union members and must proceed through the Collective Bargaining Agreement's claims procedure.

<u>Twelfth Affirmative Defense</u>

The claims under the California WARN Act, Cal. Lab. Code, § 1400 *et. seq.*, are preempted by the federal WARN Act.

<u>Reservation of Rights</u>

Defendants reserve the right to amend or add additional defenses which may become later known during the course of discovery or pretrial procedures.

WHEREFORE, Defendants demand judgment against Plaintiffs as follows:

A. An allowed claim against Plaintiffs for the reasonable attorneys' fees and the costs and disbursements that the Defendants incur in prosecuting this action given Plaintiffs brought this action on behalf of an individual, Plaintiff Vidal Torres, who executed a release agreement, which waived claims, including under the WARN Acts, in consideration for severance payments from the Company; and

B. Such other and further relief as this Court may deem just and proper.

Dated: December 18, 2023  
Wilmington, Delaware

/s/ *Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400
Email:       ljones@pszjlaw.com
             tcairns@pszjlaw.com
             pkeane@pszjlaw.com
             ecorma@pszjlaw.com

-and-

Patrick J. Nash, P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:        patrick.nash@kirkland.com
              david.seligman@kirkland.com
              whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*