# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 CTG |
| | ) |
| *Debtors*. | ) (Jointly Administered) |
| | ) |
| JEFF MOORE and ELIZABETH BROOKE MOORE, VIDAL TORRES, ARMANDO RIVERA, JOHN FRANKLIN, JR., NICOLE GONZALEZ, RICHARD WEBB, SCOTT WEBB, DARYL DEVINE, RICHIE RICHARDSON, PAUL ASHLEY, BRANDON WILSON, DUSTIN PAGE, KIMBERLY SULLIVAN, ANTONIO REYES, SPENCER SHOOK, JOSEPH DUGUAY, SHEILA WOOD, SHELDON KINNEY, DUSTIN KELL, CHRISTOPHER DOWDY, ALEXIS GREEN, GREGORY HALL, MIGUEL MARTINEZ, RHONDA DVORAK and RODNEY DAMM JR on behalf of themselves and all others similarly situated, | ) Adversary Proceeding<br>) <br>) Case No. 23-50457-CTG<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |
| *Plaintiffs*, | ) |
| v. | ) |
| YELLOW CORPORATION; USF REDDAWAY INC.; 1105481 ONTARIO INC.; YELLOW FREIGHT CORPORATION; EXPRESS LANE SERVICE, INC.; YELLOW LOGISTICS, INC.; NEW PENN MOTOR EXPRESS LLC; YRC ASSOCIATION SOLUTIONS, INC.; ROADWAY EXPRESS INTERNATIONAL, INC.; YRC ENTERPRISE SERVICES, INC.; ROADWAY LLC; YRC FREIGHT CANADA COMPANY; ROADWAY NEXT DAY CORPORATION; YRC INC.; USF BESTWAY | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

DE:4868-1148-4318.1 96859.001

|  |  |
|---|---|
| INC.; YRC INTERNATIONAL INVESTMENTS, INC.; USF DUGAN INC.; YRC LOGISTICS INC.; USF HOLLAND INTERNATIONAL SALES CORPORATION; YRC LOGISTICS SERVICES, INC.; USF HOLLAND LLC; YRC MORTGAGES, LLC; USF REDSTAR LLC AND YRC REGIONAL TRANSPORTATION, INC.<br><br>                *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

The above-captioned Defendants, by and through their undersigned counsel, hereby answer the *Second Amended Class Action Adversary Proceeding Complaint* ("Complaint") [Dkt.25] filed by the above-captioned Plaintiffs in accordance with the numbered paragraphs thereof as follows. For the avoidance of doubt, Defendants do not consider the headings, subheadings, and footnotes in Plaintiffs' Complaint to be allegations to which a response is required, but to the extent a response is required, they are denied. Moreover, for the avoidance of doubt, all allegations not expressly admitted are denied.

### I. JURISDICTION AND VENUE

1.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

2.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

### II. NATURE OF THE ACTION

3.     Defendants admit that Plaintiffs purport to bring a claim under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et. seq. (the "WARN Act"); the California Labor Code § 1400 et. seq. ("California WARN Act") for the California

Employees (defined herein) and for the New Jersey Employees (defined herein) the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act" and collectively with the WARN Act and California WARN Act, the "WARN Acts"). The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

### III. PARTIES

4.      Defendants admit that Defendants maintained facilities throughout the United States (the "Facilities" and each a "Facility") until June 30, 2023.

5.      Defendants deny that Defendants jointly maintained, owned, and operated the Facilities. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

6.      Defendants admit that approximately 25,500 persons were employed at the Facilities by Defendants until they were laid off on or about July 28, 2023 and thereafter.

7.      Defendants admit that Defendants halted their operations on July 30, 2023.

8.      Defendants admit that on July 28, 2023, Defendants laid off approximately 3,500 employees who executed release agreements, which waived claims, including under the WARN Acts, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees.

9.      Defendants admit the allegations in this paragraph.

10.     Defendants admit that Plaintiffs Jeff Moore, Elizabeth Brooke Moore, Armando Rivera, John Franklin, Jr., Nicole Gonzalez, Richard Webb, Scott Webb, Daryl Devine, Richie Richardson, Paul Ashley, Brandon Wilson, Dustin Page, Kimberly Sullivan, Antonio Reyes,

Spencer Shook, Joseph Duguay, Sheila Wood, Sheldon Kinney, Dustin Kell, Christopher Dowdy, Rhonda Dvorak and Rodney Damm, Jr. (collectively, the "Bargaining Unit Plaintiffs")[2] were bargaining unit employees of Defendant YRC Inc., New Penn Motor Express LLC, USF Reddaway Inc., or USF Holland Inc., but deny they were employed by any other Defendant. Defendants further admit Plaintiffs were laid off on or about July 30, 2023. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

11.     Defendants admit that Plaintiff Vidal Torres was a non-bargaining unit employee of one of the Defendants, but deny he was employed by any other Defendant. Defendants further admit Plaintiff Vidal Torres worked at or reported to a Facility located at 1535 E Pescadero Ave, Tracy, CA, 95304 until he was laid off on or about July 28, 2023. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

12.     Defendants admit that Plaintiff Miguel Martinez was a non-bargaining unit employee of one of the Defendants, but deny he was employed by any other Defendant. Defendants further admit Plaintiff Miguel Martinez worked at or reported to a Facility located at 15400 S. Main St., Gardena, California until his termination for cause on or about May 15, 2023. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

---

[2] Defendants admit that on or about November 10, 2023, the International Brotherhood of Teamsters (the "IBT") and the International Association of Machinists (the "IAM," and collectively with IBT, the "Unions") filed proofs of claim, allegedly on their own behalf and on behalf of their bargaining unit members, against the Debtors which include claims under the WARN Act. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

13.     Defendants admit that Plaintiff Alexis Green was a non-bargaining unit employee of one of the Defendants, but deny she was employed by any other Defendant.  Defendants further admit Plaintiff Alexis Green worked at or reported to a Facility located at 12855 48th Avenue South, Seattle, Washington until her lay off on or about July 28, 2023.  The remaining allegations are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

14.     Defendants admit that Plaintiff Gregory Hall was a non-bargaining unit employee of one of the Defendants, but deny he was employed by any other Defendant.  Defendants further admit Plaintiff Gregory Hal worked at or reported to a Facility located at 49 Thomas J. Rhodes Industrial Road, Hamilton, New Jersey until he was laid off on or about July 28, 2023.  The remaining allegations are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

15.     Defendants deny that Defendants jointly maintained, owned, and operated the Facilities.

16.     Defendants deny that Plaintiffs and the Other Similarly Situated Employees were employed by Defendants as a single employer.  Defendants admit that on July 28, 2023, Defendants laid off approximately 3,500 employees, including Plaintiffs Vidal Torres, Alexis Green, and Gregory Hall, who executed release agreements, which waived claims, including under the WARN Act, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees, including the Bargaining Unit Plaintiffs.  Defendants further admit that Defendants halted their operations on July 30, 2023.  Defendants deny that Plaintiff Miguel Martinez was terminated on or about July 28, 2023, within thirty days of that date

or thereafter. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed putative class members, and as such they are denied. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

17. Defendants admit that approximately 25,500 persons were employed at the Facilities by Defendants until they were laid off on or about July 28, 2023 and thereafter. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

18. Defendants admit only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated former employees pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the WARN Act, the California WARN Act, and the New Jersey WARN Act. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that the class is appropriate and deny that they violated any law.

19. Defendants admit that on July 28, 2023, Defendants laid off approximately 3,500 employees, including Plaintiffs Vidal Torres, Alexis Green, and Gregory Hall, who executed release agreements, which waived claims, including under the WARN Act, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees, including the Bargaining Unit Plaintiffs. Defendants deny that Plaintiff Miguel Martinez was terminated on or about July 28, 2023, within thirty days of that date or thereafter. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations in this paragraph as to unnamed putative class members, and as such they are denied. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

20. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

    a) Defendants admit the allegations in this paragraph.

    b) Defendants admit the allegations in this paragraph.

    c) Defendants admit the allegations in this paragraph.

    d) Defendants deny the allegations in this paragraph.

    e) Defendants deny the allegations in this paragraph.

    f) Defendants deny the allegations in this paragraph.

    g) Defendants deny the allegations in this paragraph.

    h) Defendants deny the allegations in this paragraph.

    i) Defendants deny the allegations in this paragraph.

    j) Defendants deny the allegations in this paragraph.

    k) The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

### IV. CLASS ACTION ALLEGATIONS PURSUANT TO THE WARN ACTS

21. Defendants admit that on July 28, 2023, Defendants laid off approximately 3,500 employees, including Plaintiffs Vidal Torres, Alexis Green, and Gregory Hall, who executed release agreements, which waived claims, including under the WARN Act, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT,

IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees, including the Bargaining Unit Plaintiffs. Defendants deny that Plaintiff Miguel Martinez was terminated on or about July 28, 2023 and thereafter. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed putative class members, and as such they are denied. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

22. Defendants admit only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated former employees pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the WARN Act, the California WARN Act, with regard to the California Employees and the New Jersey WARN Act, with regard to the New Jersey Employees. Defendants deny that the class is appropriate and deny that they violated any law.

23. Defendants admit that on July 28, 2023, Defendants laid off approximately 3,500 employees, including Plaintiffs Vidal Torres, Alexis Green, and Gregory Hall, who executed release agreements, which waived claims, including under the WARN Act, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees, including the Bargaining Unit Plaintiffs. Defendants deny that Plaintiff Miguel Martinez was terminated on or about July 28, 2023 and thereafter. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed putative class members, and as such they are denied. The remaining allegations are

conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

24. Defendants deny that notice was inadequate under the WARN Acts or any other law. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

25. Defendants admit that approximately 25,500 persons were employed at the Facilities by Defendants until they were laid off on or about July 28, 2023 and thereafter. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

26. Defendants admit only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated former employees pursuant to the WARN Acts. Defendants deny that the class is appropriate and deny that they violated any law.

27. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

28. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, Defendants admit that the named Plaintiffs were discharged by a Defendant. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed putative class members, and as such they are denied.

29. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

30. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that notice was inadequate under the WARN Acts or any other law.

31. Defendants deny the allegation that no Plaintiffs or other former employees have been paid anything since they were laid off.

### V. CLASS ACTION ALLEGATIONS RULE 7023(a) and (b)

32. Defendants admit only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated former employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Defendants deny that the class is appropriate and deny that they violated any law.

33. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, Defendants deny that the class is appropriate.

34. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

35. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

36. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and as such they are denied.

37. Defendants admit that on July 28, 2023, Defendants laid off approximately 3,500 employees, including Plaintiffs Vidal Torres, Alexis Green, and Gregory Hall, who executed

release agreements, which waived claims, including under the WARN Act, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees, including the Bargaining Unit Plaintiffs. Defendants deny that Plaintiff Miguel Martinez was terminated on or about July 28, 2023 and thereafter. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed putative class members, and as such they are denied. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

38. Defendants are presently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and as such they are denied.

39. Defendants are presently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and as such they are denied.

40. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

41. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

42. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

38. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, Defendants are presently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and as such they are denied.

39. Defendants admit that the Defendants' records contain the identities of the named Plaintiffs. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed putative class members, and as such they are denied.

40. Defendants admit that the Defendants' records contain a residence address for the named Plaintiffs. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed putative class members, and as such they are denied.

41. Defendants admit that the Defendants' records include the rate of pay and benefits that were paid to the named Plaintiffs. Defendants are without knowledge information sufficient to putative form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

42. Defendants deny the allegations in this paragraph.

### VI. FIRST CLAIM FOR RELIEF-FEDERAL WARRANT ACT

43. Defendants admit the allegations in this paragraph.

44. Defendants operated as businesses until they ceased operations on June 30, 2023. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

45. Defendants admit that on July 28, 2023, Defendants laid off approximately 3,500 employees who executed release agreements, which waived claims, including under the WARN Act, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees. Defendants further admit that Defendants halted their operations on July 30,

2023.  The remaining allegations are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

        46.        The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

        47.        Defendants admit that on July 28, 2023, Defendants laid off approximately 3,500 employees, including Plaintiffs Vidal Torres, Alexis Green, and Gregory Hall, who executed release agreements, which waived claims, including under the WARN Act, in consideration for severance payments from the Company.  On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees, including the Bargaining Unit Plaintiffs.  Defendants further admit that Defendants halted their operations on July 30, 2023.  Defendants deny that Plaintiff Miguel Martinez was terminated in connection with these events.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed putative class members, and as such they are denied.  The remaining allegations are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

        48.        The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent that a response is deemed required, the allegations are denied.  Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.  Defendants deny that they violated the WARN Acts.

49. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

50. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that notice was inadequate under the WARN Acts or any other law.

51. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

52. Defendants deny the allegation that none of the Plaintiffs or any other former employees have been paid anything since their lay off.

53. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

## VII. SECOND CLAIM FOR RELIEF-CALIFORNIA WARN ACT

54. Defendants reallege and incorporate by reference all responses in the proceeding paragraphs.

55. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

56. Defendants admit that on July 28, 2023, Defendants announced that they would cease operations and notified certain workers, including Plaintiff Vidal Torres, that their employment would be terminated as a result. Defendants admit that on July 28, 2023, Defendants laid off approximately 3,500 employees who executed release agreements, which waived claims,

including under the WARN Acts, in consideration for severance payments from the Company. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees. Defendants further admit that Defendants halted their operations on July 30, 2023, and that Plaintiff Vidal Torres was laid off on or about July 28, 2023. Defendants deny that Plaintiff Miguel Martinez was terminated in connection with these events. Defendants are without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

57.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

58.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

59.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

60.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

**VIII. THIRD CLAIM FOR RELIEF-NEW JERSEY WARN ACT**

61.     Defendants reallege and incorporate by reference all responses in the proceeding paragraphs.

62.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

63.     Defendants admit the allegations in this paragraph.

64.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

65.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

66.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

67.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

68.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

69.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the WARN Acts.

Defendants deny the allegations in the WHEREFORE clause and the following paragraphs A–G.

## IX. AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses, without accepting the burden of proof on any claim or defense where such burden would otherwise be on Plaintiff.

### First Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the unforeseeable business circumstances exception to the WARN Act.

### Second Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the faltering company exception to the WARN Act.

### Third Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the liquidating fiduciary exception to the WARN Act.

### Fourth Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the lay offs caused by a labor strike exception to the WARN Act.

### Fifth Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred in whole or in part by the doctrine of unclean hands, estoppel or waiver.

### Sixth Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred in whole or in part by his or her failure to mitigate damages.

<u>Seventh Affirmative Defense</u>

The claims of Plaintiffs and all other persons alleged to be similarly situated are barred because any act or omission by Defendants was in good faith and without intent to deny Plaintiffs or class members rights and Defendants had reasonable grounds for believing it was not in violation of the federal or local WARN Act.

<u>Eighth Affirmative Defense</u>

This lawsuit should be dismissed because it is procedurally improper and not ripe for the Court's adjudication.

<u>Ninth Affirmative Defense</u>

There is no legal basis for Plaintiffs to recover certain of the damages asserted.

<u>Tenth Affirmative Defense</u>

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred to the extent they signed release agreements that bar such claims. Thousands of former employees, including named Plaintiffs Vidal Torres and Gregory Hall, executed release agreements, which waived claims, including under the WARN Acts, in consideration for severance payments from the Company. *See* Torres and Hall Releases, attached hereto as Exhibits A and B.

<u>Eleventh Affirmative Defense</u>

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred to the extent they are union members and are covered by the proof of claim filed the union who is acting on their behalf, and for this reason and otherwise are procedurally improper.

<u>Twelfth Affirmative Defense</u>

The claims under the California WARN Act, Cal. Lab. Code, § 1400 *et. seq.*, are preempted by the federal WARN Act.

<u>Thirteenth Affirmative Defense</u>

The claims under the New Jersey WARN Act, PL. 2007, c.212, C.34:21-2, are preempted by the federal WARN Act.

<u>Fourteenth Affirmative Defense</u>

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred to the extent they are union members and their claims are encompassed by and/or duplicative of the unions' proofs of claim filed in the bankruptcy claims process.

<u>Fifteenth Affirmative Defense</u>

The claims of Plaintiffs and all persons alleged to be similarly situated are barred to the extent they did not file a proof of claim in the bankruptcy claims process prior to the November 13, 2023 bar date. *See Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Bankr. ECF No. 521].

<u>Reservation of Rights</u>

Defendants reserve the right to amend or add additional defenses which may become later known during the course of discovery or pretrial procedures.

WHEREFORE, Defendants respectfully request that:

A.  The Court find for Defendants and against Plaintiffs;

B.  The Court require Plaintiffs and their representatives to reimburse Defendants' costs and attorneys' fees; and

C.  The Court enter such other and further relief as is just and proper.

| | |
|---|---|
| Dated: January 18, 2024<br>Wilmington, Delaware | */s/ Peter J. Keane*<br>Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>Peter J. Keane (DE Bar No. 5503)<br>Edward Corma (DE Bar No. 6718)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone:    (302) 652-4100<br>Facsimile:    (302) 652-4400<br>Email:    ljones@pszjlaw.com<br>tcairns@pszjlaw.com<br>pkeane@pszjlaw.com<br>ecorma@pszjlaw.com<br><br>-and-<br><br>Patrick J. Nash, P.C. (admitted *pro hac vice*)<br>David Seligman, P.C. (admitted *pro hac vice*)<br>Whitney Fogelberg (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:     patrick.nash@kirkland.com<br>david.seligman@kirkland.com<br>whitney.fogelberg@kirkland.com<br><br>-and-<br><br>Allyson B. Smith (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:    allyson.smith@kirkland.com<br><br>*Co-Counsel for the Debtors and Debtors in Possession* |