## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re

**YELLOW CORPORATION,** *et al[1]*.

                       **Debtors.**

------------------------------------------------------------x

**JEFF MOORE, ELIZABETH BROOKE MOORE, VIDAL TORRES, ARMANDO RIVERA, JOHN FRANKLIN, JR., NICOLE GONZALEZ, RICHARD WEBB, SCOTT WEBB, DARYL DEVINE, RICHIE RICHARDSON, PAUL ASHLEY, BRANDON WILSON, DUSTIN PAGE, KIMBERLY SULLIVAN, ANTONIO REYES, SPENCER SHOOK, JOSEPH DUGUAY, SHEILA WOOD, SHELDON KINNEY, DUSTIN KELL, CHRISTOPHER DOWDY, ALEXIS GREEN, GREGORY HALL, MIGUEL MARTINEZ, RHONDA DVORAK and RODNEY DAMM, JR.**
on behalf of themselves and all others similarly situated,

                       **Plaintiffs,**

v.

**YELLOW CORPORATION; USF REDDAWAY INC.; 1105481 ONTARIO INC.; YELLOW FREIGHT CORPORATION; EXPRESS LANE SERVICE, INC.; YELLOW LOGISTICS, INC.; NEW PENN MOTOR EXPRESS LLC; YRC ASSOCIATION SOLUTIONS, INC.; ROADWAY EXPRESS INTERNATIONAL, INC.; YRC ENTERPRISE SERVICES, INC.; ROADWAY LLC; YRC FREIGHT CANADA COMPANY; ROADWAY NEXT DAY CORPORATION; YRC INC.; USF BESTWAY INC.; YRC**

**Chapter 11**
**Case No. 23-11069 (CTG)**
**(Jointly Administered**

**Adversary Proceeding No. 23-50457 (CTG)**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 511500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

**INTERNATIONAL INVESTMENTS, INC.; USF DUGAN INC.; YRC LOGISTICS INC.; USF HOLLAND INTERNATIONAL SALES CORPORATION; YRC LOGISTICS SERVICES, INC.; USF HOLLAND LLC; YRC MORTGAGES, LLC; USF REDSTAR LLC AND YRC REGIONAL TRANSPORTATION, INC.**

**Defendants**.

-------------------------------------------------------------------

## PLAINTIFFS' REPLY IN SUPPORT OF CLASS CERTIFICATION

Plaintiffs respectfully submit this reply brief in support of their amended motion for class certification.

**1.      The WARN injury is overt and class-wide.**

This is a solid WARN Act case on the merits.  Although Defendants terminated tens of thousands of employees – including over 3000 "non bargaining-unit" (i.e., not union-represented) employees, the class to be represented in this case – it did not give the advance written notice that the WARN Acts generally require. It is also plain that Defendants do not qualify for any reduction in the notice period that would reduce their damages liability.

Under the federal WARN Act, less than sixty days' notice can sometimes be given under circumstances such as when the plant closing or mass layoff was caused by unforeseeable business circumstances (29 U.S.C. § 2102(b)(2)(A)), or when the employer meets the so-called "faltering company" provision (29 U.S.C. § 2101). But the statute requires that an employer that wants to rely on those provisions must, in its WARN Act notice, provide "a brief statement of the basis for reducing the notification period." 29 U.S.C. § 2102(b)(3). If the employer does not comply with that statutory command, the employer is prohibited from invoking the reduced-notice provisions in litigation. And, importantly, it is *not* enough for the WARN Act notice to simply refer to the allegedly applicable reduced-notice provision by citation or nickname; the notice must contain

*facts* showing that the reduced-notice provision is applicable. *See, e.g.*, *D'Amico v. Tweeter Opco, LLC (In re Tweeter Opco, LLC)*, 453 B.R. 534, 546-47 (Bankr. D. Del. 2011)(granting employees' motion for summary judgment on faltering company defense because defendant "failed to explain the reduced notification period in its termination notice" and was therefore "not entitled to the faltering company exception"); *Grimmer v. Lord Day & Lord*, 937 F.Supp. 255, 257 (S.D.N.Y. 1996) (granting employees' motion for partial summary judgment to strike defenses where employers notice failed to "set forth the specific facts that constitute[d] the basis for reducing the notice period"); *Barnett v. Jamesway Corp. (In re Jamesway Corp.)*, 235 B.R. 329, 340 (Bankr. S.D.N.Y. 1999) (granting employees' motion for summary judgment on UBC and faltering company defenses because, *inter alia*, employer's failure to explain in written correspondence why it did not provide full sixty-day notice was "alone . . . grounds for finding that the [c]orrespondence does not provide WARN notice."); *Organogenesis, Inc. v. Andrews*, 331 B.R. 500, 502 (D. Mass. 2005) (affirming bankruptcy court's decision that employer could not rely on reduced notice defenses) ("An employer who wants to reduce the notification period must comply with the clear statutory requirement that the termination notice contain an explanation for the shortened time."); *In re Quantegy, Inc.*, 343 B.R. 689, 695-96 (Bankr. D. Ala. 2006) ("Because the notice provided by Quantegy did not contain a brief statement of the basis for reducing the notice period, Quantegy is not entitled to rely on the defenses provided by the statute, and the plaintiffs are entitled to summary judgment on that issue."); *Newman v. Crane*, 435 F. Supp. 3d 834, 842-844 (N.D. Ill. 2020) ("Courts to consider the issue appear to have uniformly held that giving proper shortened notice is a prerequisite to invoking one of the statutory exceptions."); *Sides v. Macon County Greyhound Park*, 725 F.3d 1276 (11th Cir. 2013) (discussing brief statement requirement); *Fleming v. Bayou Steel BD Holdings II LLC*, No. 20-1476, 2022 U.S. Dist. LEXIS 15629 (E.D.

La. Jan. 28, 2022) (discussing and applying these principles, citing cases in support, and holding that employer was precluded from invoking the reduced-notice provisions);[2] *Chaney v. Vermont Bread Co.*, No. 2:21-CV-120, 2023 WL 5589113, at *11 (D. Vt. Aug. 24, 2023) ("Here, with no mention of fraud or surprise in the notices of closure, employees had no opportunity to determine whether, on that basis, the absence of prior notice was reasonable. Consequently, the employer's failure to set forth the statutorily-required 'brief statement of [that] basis for reducing the notification period,' 29 U.S.C. § 2102(b)(3), disqualifies it from protection under the 'unforeseen business circumstance' exception. *See In re Dewey & LeBoeuf LLP*, 507 B.R. 522, 533 (Bankr. S.D.N.Y. 2014) ('even under dire circumstances, employers must deliver written WARN notices containing the necessary brief statements to qualify for the WARN Exceptions'")).

Here, the purported, belated WARN Act notice bore the same insufficiency as those above. The notice (Doc. 31-1, p. 2) gave literally no facts whatsoever in any explanation of why earlier notice could not have been given. It merely invoked, by nickname, some federal WARN Act provisions and doctrines with no facts whatsoever. *See id.* ("The Company was not able to provide earlier notice of the Shut Down as it qualifies under the 'unforeseeable business circumstances,' 'faltering company,' and 'liquidating fiduciary' exceptions set forth in the WARN Acts[3]. … This notice and the Release of Claims ('Release'), below, cover various matters related to your separation, and they are being provided as soon as practicable because the Shut Down was not reasonably foreseeable."). This was Debtors' choice: to create a hopelessly deficient, late,

---

[2] The District Court in *Bayou Steel* subsequently entered summary judgment for the defendants on other grounds, and the Fifth Circuit reversed in part. *Fleming v. Bayou Steel Bd. Holdings II L.L.C.*, 83 F.4th 278 (5th Cir. 2023).

[3] It is worth noting that the Debtors' claimed defenses are unavailable as a matter of law under the California and New Jersey WARN Acts, as well, despite Debtors' false claim in the notice/release that it qualified for such defenses under federal <u>and</u> state WARN law.

purported (and false) notice, which <u>as a matter of law</u> disqualifies them from asserting any reduced-notice provisions.

**2.    Resolution through class certification is the superior method of resolving this matter.**

Debtors' main argument is that a class action is not the "superior" (Fed. R. Bankr. P. 7023) method of resolving the WARN Act dispute. They contend that the claims process is superior.

As this Court has recognized, class certification of WARN Act cases in bankruptcy courts is common and often uncontroversial. *Hoover v. Drivetrain LLC*, No. 20-50966, 2022 Bankr. LEXIS 2312, at *1 (Bankr. D. Del. Aug. 19, 2022). In *Drivetrain*, this Court held that the class action was the superior method of resolving the dispute, because, among other things, most class members did not file individual claims and each person's recovery alone would be small in comparison to the expense of litigation. *Id.*, at *27, citing *In re Pac. Sunwear of Cal., Inc.*, No. 16-10882 (LSS), 2016 Bankr. LEXIS 2579 (Bankr. D. Del. June 22, 2016), and *In re United Cos. Fin. Corp.*, 276 B.R. 368 (Bankr. D. Del. 2002). The same is true here.

Similarly, this Court held in *Hansen v. PGX Holdings* that a class action was "superior" over resolving WARN Act disputes through the claims process.

> Defendants claim that the proposed class action is an inferior method of adjudication compared to the already pending chapter 11 bankruptcy. They argue that the parties did not participate in the substantive litigation before the filing of the bankruptcy petition, then did not participate in post-petition process. Further, they argue that the plan affords class members the opportunity individually to settle claims instead of litigating collectively and wasting estate assets.
>
> The plaintiff persuasively counters that denying class certification on this basis would require each individual class member to file a claim in the bankruptcy proceeding, creating administrative burden for the courts and many more proceedings to resolve their claims. Further, the cost of litigating an individual's WARN Act claim for 60-days' pay (the recovery for an individual under the WARN Act) may exceed the value of that claim. In cases like this, where the most likely outcome is that claims will never be filed but many claims may be efficiently heard together, class adjudication is superior. Indeed, for precisely these reasons, the resolution of WARN Act claims through the class action mechanism is quite

> common in bankruptcy cases. The Court is unaware of any bankruptcy court that
> has denied class certification of a WARN Act claim on the ground that dealing with
> individual claims through the claims allowance process would be a better way of
> resolving such matters. This case will not be the first in that regard.

*Hansen v. PGX Holdings, Inc.*, No. 23-50396, 2023 Bankr. LEXIS 2601, at *15-16 (Bankr. D. Del.

Oct. 24, 2023) (footnotes omitted). Again, all of that is true here as well.

This Court's holdings in those cases are consistent with how other courts have handled

WARN Act cases in bankruptcy.

> A number of courts have recognized that "treating WARN Act claims as a class
> adversary proceeding actually is the best way to preserve the estate's assets." *TWL
> Corp.*, 712 F.3d at 904 (Graves, J., concurring). *See In re Dewey & LeBoeuf, LLP*,
> 487 B.R. 169, 179 n.8 (Bankr. S.D.N.Y. 2013) ("While a ruling on the class
> certification must await the hearing on the motion, numerous courts have
> recognized that WARN Act claims lend themselves to class treatment."); *In re
> Taylor Bean & Whitaker Mortg. Corp.*, Adversary No. 09-ap-00439-JAF, 2010
> Bankr. LEXIS 3306, 2010 WL 4025873, at *3 (Bankr. M.D. Fla. Sept. 27, 2010)
> ("resolving the WARN Act claims collectively through a class action adversary
> proceeding will be more efficient than handling them in a piece-meal fashion
> through the claims process"); *In re Bill Heard Enters., Inc.*, 400 B.R. 795, 803
> (Bankr. N.D. Ala. 2009); *In re First NLC Fin. Servs., LLC*, 410 B.R. 726, 730
> (Bankr. S.D. Fla. 2008) ("if the class is certified, the Court finds that as between an
> adversary proceeding and the claims process, an adversary proceeding has the
> potential to provide a less protracted and more efficient litigation framework"). One
> bankruptcy court has noted that WARN Act claims are "particularly amenable to
> class litigation." *In re Connaught Grp., Ltd.*, 491 B.R. 88, 93-94 (Bankr. S.D. N.Y.
> 2013) (quoting *Guippone v. BH S&B Holdings, LLC*, No. 09 Civ. 1029(CM), 2011
> U.S. Dist. LEXIS 36379, 2011 WL 135041, at *2 (S.D.N.Y. Mar. 30, 2011)).

*Matthews v. Truland Grp., Inc. (In re Truland Grp., Inc.)*, 520 B.R. 197, 206 (Bankr. E.D. Va.

2014).

Furthermore, the WARN Acts expressly envision enforcement through class actions. *See,

e.g.,* 29 U.S.C. § 2104(a)(5) ("A person seeking to enforce such liability … may sue either for such

person or for other persons similarly situated, or both, in any district court of the United States for

any district in which the violation is alleged to have occurred, or in which the employer transacts

business."). This Court is a "unit of the district court," 28 U.S.C. § 151. Congress said that it is

appropriate to sue on behalf of a class, and a class adversary is the way to do that in a bankruptcy court.

**3.      The fact that most class members did not file claims of their own is a reason to certify the class – not a reason to *deny* certification.**

Debtors argue that class certification should be withheld because most members of the putative class did not file WARN Act claims of their own. (They argue this in various ways, suggesting that it makes the claims process superior, that certifying the class would "prejudice" other debtors by allowing the class to recover, and so forth.)

But as this Court has recognized, the fact that most people did not file individual claims counsels *for* class certification. *PGX Holdings*, *supra* ("In cases like this, where the most likely outcome is that claims will never be filed but many claims may be efficiently heard together, class adjudication is superior. Indeed, for precisely these reasons, the resolution of WARN Act claims through the class action mechanism is quite common in bankruptcy cases."); *In re United Cos. Fin. Corp*., 276 B.R. 368, 376 (Bankr. D. Del. 2002) (the fact that "it is unlikely that individuals will file separate claims to protect their rights" was a reason supporting class certification).

Here, the vast majority of class members – over 98 percent of them – did not file claims of their own. (Doc. 31, p. 12 ¶ 7 (approximately 3,200 non-bargaining-unit employees); *id.* p. 18 ¶ 23 (between 40 and 60 claims filed by or on behalf of non-bargaining unit employees). Enforcement of their rights depends entirely on class certification. And the Debtors and all other interested persons had notice, by the bar date, that WARN Act relief was being pursued on behalf of *all* non-bargaining-unit employees who suffered a violation of the WARN Acts. By the bar date, not only had this adversary, as well as another WARN adversary, been pending for months; even beyond that, a motion for class certification was filed. No one would be "prejudiced" by class certification in any cognizable sense.

Moreover, if this Court did not certify the class, then members of the putative class would have to be given more time to file their own proofs of claim. "Class members who do not file suit while the class action is pending cannot be accused of sleeping on their rights; Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims*." Crown, Cork & Seal v. Parker*, 462 U.S. 345, 352-53 (1983). "Several courts … have recognized that the class action tolling rule applies in bankruptcy, such that if a self-described class representative timely filed a class proof of claim (or an adversary proceeding) and the court declines to allow it, a reasonable bar date should be set to allow claimants—who would have fallen into the class—time to file individual claims." *In re Pac. Sunwear of Cal., Inc*., 2016 Bankr. LEXIS 2976, at *45 (Bankr. D. Del. Aug. 8, 2016); *see also Schuman v. Connaught Grp., Ltd*., 491 B.R. 88, 97-98 (Bankr. S.D.N.Y. 2013); *In re MF Glob., Inc*., 512 B.R. 757, 765 (Bankr. S.D.N.Y. 2014); *Morgan v. Affiliated Foods SW., Inc.*, 2016 U.S. Dist. LEXIS 55458, at *24 (E.D. Ark. Apr. 26, 2016). Class certification will avoid that inefficiency.

**4.      The class representatives are appropriate.**

Debtors argue that the named Plaintiffs are inappropriate class representatives.   Debtors are incorrect.

**A.      Hall and Torres.**

Debtors point to a release that they included in the unlawfully late, false and deficient WARN Act notice (Doc. 31-1), and they point out that nearly 85 percent of the affected non-bargaining-unit employees signed this release. (Doc. 31, p. 13 ¶ 8 (approximately 2,700 non-bargaining unit employees signed the release).

Debtors argue, in their brief (Doc. 31) that Plaintiff and class representatives Torres and Hall cannot represent the class because they are among those who signed the release.

But the fact that Torres and Hall signed the purported notice/release does not make them inappropriate representatives. On the contrary, it makes them perfect representatives for those – a supermajority of the class – who also signed the purported notice/releases. Through them, the class will be able to be heard on the common "merits" issue of whether the purported notice/release bars them from recovering on their WARN claims. That is not an issue to be resolved at the class-certification stage; it is a merits issue, not a class certification issue. "When, as here, 'the concern about the proposed class is not that it exhibits some fatal dissimilarity but, rather, a fatal similarity … courts should engage that question as a matter of summary judgment, not class certification.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 457 (2016), *citing* Nagareda, Class Certification in the Age of Aggregate Proof, 84 N. Y. U. L. Rev. 97, 107 (2009). Should it come to summary judgment, Plaintiffs will show that the purported notice/release is invalid as to the WARN Act claims for a number of reasons, including that the document containing the unlawfully deficient notice and the release is unconscionable and false. In a nutshell, this one document both (a) bolstered the WARN Act claims by negating defenses with its deficiencies), and (b) told the employees flatly but falsely that those defenses negated their WARN claims. (Doc. 31-1, p. 2 of 4). The merits are to come around this predominant common issue, which sensibly should be addressed only once by a class. *Tyson Foods*, *supra*.

### B.      Martinez

Debtors argue that named Plaintiff Martinez is not an appropriate class member because (they say) he was terminated for cause. Debtors give no detail about the alleged reason, and no evidence supporting the contention that there was cause to terminate him. Martinez, in his own previously-filed declaration (Doc. 26-2, p. 8 ¶ 6), has testified that he was terminated without

cause. Thus the nature of his termination is a disputed fact, and he remains an appropriate class representative.

### C.    Green

This leaves only Plaintiff Green, and Debtors say that she cannot be a class representative because she did not file a proof of claim. But she gave Debtors and all other interested persons notice of her WARN Act claims by filing an adversary proceeding well in advance of the proof-of-claim bar date. (She was first a plaintiff in an adversary proceeding separate from this one. That adversary proceeding was filed on August 7, 2023 and amended on September 18, 2023. *See*, *Rivera, et al. v. Yellow Corporation, et al*., Adv. Pro. No. 23-50456 (CTG) (Del. Bankr. 2023). She has now joined this suit through the Second Amended Complaint. Debtors' argument in this regard is merely a continuation of their insistence that only individual proofs of claim can be used to enforce WARN Act rights, which is belied by the fact that virtually every WARN claim over the past 20 or so years has proceeded to conclusion as a class-action adversary.

### 5.    Resolution through an as-yet-unknown Plan is not superior.

Debtors suggest that the way to resolve WARN Act disputes in this bankruptcy proceeding is through an as-yet-unproposed Plan. But Debtors make clear that their proposal will give <u>nothing</u> to any non-bargaining-unit employee who suffered because of the WARN Act violation, if that employee either (a) signed the release that was attached to the unlawfully deficient and false WARN Act notice, or (b) failed to file an individual claim. This would result in the vast majority of former non-bargaining unit employees – in fact, nearly all of them – receiving <u>nothing</u>.  And Debtors do not say what they will offer the few who refused to sign the release and did file individual WARN Act claims. (Debtors say without evidence that those chosen few would receive

more under the Plan than they would receive through class certification; but there is absolutely nothing in the record to substantiate this.)

While Debtors claim that certifying a class would cause great expense to the estates in defending the claims, that depends on whether Debtors make the inappropriate choice to spend exorbitant estate funds defending indefensible WARN Act claims.

Again, certifying the class is the appropriate way to ensure that a fair and legally-appropriate outcome is reached for all former non-bargaining-unit employees who suffered WARN violations.

Dated: February 15, 2024                    Respectfully submitted,


                                            By: /s/ James E. Huggett
                                            MARGOLIS EDELSTEIN
James E. Huggett (#3956)
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
Phone 302-888-1112
Fax 302-888-1119

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
The Gardner Firm, P.C.
182 St. Francis Street, Suite 103
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

RAISNER ROUPINIAN LLP
Jack A. Raisner

René S. Roupinian
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Plaintiffs and the Proposed
Class*