| MARY E. OLSEN | **THE GARDNER FIRM P.C.** | OF COUNSEL: |
| M. VANCE McCRARY | LAWYERS | J. CECIL GARDNER |
| | | SAM HELDMAN |

182 S<sup>t</sup> FRANCIS STREET, STE 103<br>
POST OFFICE DRAWER 3103<br>
MOBILE, ALABAMA 36652<br>
PHONE (251) 433-8100<br>
TELECOPIER (251) 433-8181

November 7, 2024

VIA ECF
Hon. Craig T. Goldblatt
United States Bankruptcy Court for the District of Delaware
824 North Market Street
3rd Floor, Courtroom 7
Wilmington, DE 19801

Re:  *Moore, et al. v. Yellow Freight Corp., et al.*, Adv. No. 23-50457-CTG
      Discovery Issues – (Moore Adv. Proc. Docket No. 95, 103, 104)

Dear Judge Goldbatt,

As counsel to the non-union class of WARN claimants ("Moore" or "Plaintiffs"), we request the Court's assistance in resolving a discovery dispute.  It was first raised by letter on August 30, 2024 (D.I. 95) and heard by the Court at a discovery conference on September 9, 2024 (D.I. 103, 104).  Plaintiffs sought discovery from Debtors relating to the severance payments that have been a cornerstone of Debtors' defense of Plaintiffs' WARN claims in this matter.  The requested discovery encompassed information and documents related to the timing of Yellow's decision to pay severance to its non-union workforce without requiring a signed release.[1]  Debtors' responses were deficient as pointed out in Plaintiffs' August 30, 2024 discovery letter to the Court and described on the record at the resulting telephonic discovery conference conducted on September 9, 2024. The responses remain deficient, despite Plaintiffs' diligent efforts for months to obtain this information, as narrated below.  Hence, we seek the Court's assistance.

At the September 9 discovery conference, the Court ordered Debtors to produce certain payroll reports (from July or August 2023) and emails relating to the employee separations (from July 1 – November 4, 2023). As to the payroll reports, Yellow's Payroll Director, Deanna Parker, described those at her deposition on August 29.  Plaintiffs reserved the right to reconvene

---

[1] The Court understood that this factual issue may be relevant to its analysis of whether the severance agreements are void for failure of consideration.   In the colloquy at the October 28 summary judgment hearing, Debtor did not state with certainty that the release communications preceded Yellow's decision to pay everyone severance. See Exhibit 1, Transcript of October 28, 2024 hearing, pp 200-203.

www.thegardnerfirm.com

Plaintiffs' Discovery Letter
November 7, 2024
Page 2

that deposition upon receipt of the described documents and renewed this reservation at the Sept. 9 conference. The Court deferred the deposition request pending the production of the documents and conferral by the parties. The Court suggested the documents may answer the factual questions making the deposition unnecessary but invited the parties to reach out should that not be the case. See Exhibit 2, Transcript of September 9, 2024 hearing, pp. 25-26.

     Following the discovery conference, Debtors produced certain emails and payroll reports on September 23. Debtors only recently stated on November 1, 2024, that they considered their production complete as to the items ordered to be produced at the September 9 discovery conference. The parties have conferred several times about the production[2], the most recent of which was November 6, wherein Debtors acknowledged for the first time that the payroll reports produced to date, <u>do not provide the information Ms. Parker testified to</u>, indeed, <u>they do not indicate when the severance payroll was processed</u>. Plaintiffs are left having to break through the proverbial stone wall by re-deposing Ms. Parker, deposing another payroll department witness (Jeffrey Lentz) who may have the knowledge Ms. Parker lacks, and probing further why these data points, "registers" in Yellow's databases, cannot be retrieved with the actual dates of processing.

     Although Debtors say they intend to, at some point, respond to Plaintiffs' November 6 request concerning this follow-up discovery, Debtors declined to schedule a further call this week and were noncommittal as to when Plaintiffs could expect a response. Given the tight schedule of mediation (set to begin November 18) and trial (December 9), Plaintiffs do not have the luxury of waiting indefinitely before engaging the Court. Plaintiffs respectfully request the Court's assistance in obtaining the relevant information.

                                   Respectfully submitted,

                                   /s/ Mary E. Olsen

                                   Mary E. Olsen

---

[2] The parties spoke on October 29 with follow-up calls on November 1 and November 6. Plaintiffs requested a further call on November 7 which Debtor declined and did not offer an alternate date. During the November 1 call, Debtor requested *Moore* counsel to identify again what document(s) they seek, which *Moore* counsel did in a November 1 email.