**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, et al.,[1] | Case No. 23-11069 (CTG) |
| Debtor. | Jointly Administered |
| | **Objection Deadline: November 18, 2024** |
| | **Re: Dkt. 4762** |

**LIMITED OBJECTION OF 181 W. JOHNSON HOLDING LLC AND 181 W. JOHNSON HOLDING II LLC TO DEBTORS' SIXTEENTH NOTICE OF REJECTION OF A CERTAIN UNEXPIRED LEASE**

181 W. Johnson Holding LLC and 181 W. Johnson Holding II LLC (together, the "Landlord"), by and through its undersigned counsel, hereby submit this limited objection (the "Objection") to the *Sixteenth Notice of Rejection of a Certain Unexpired Lease* [Dkt. No. 4762] (the "Rejection Notice")[2] filed by the above-captioned Debtors (collectively, the "Debtors"). In support of this Objection, Landlord respectfully states as follows:

**RELEVANT BACKGROUND**

1. Landlord (as assignee of G&I Cheshire LLC) and Debtor YRC Inc. ("YRC"), as tenant, are parties to that certain Lease Agreement dated July 28, 2005 (as amended, the "Lease") for a premise located on approximately 74,554 square feet of space on the ground floor in the building commonly known as 181 West Johnson Avenue, Cheshire, Connecticut (the "Premises").[3]  The Premises generally may be described as a terminal/warehouse with

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.
[2] Unless defined herein, capitalized terms shall have the meanings ascribed to them in the Rejection Notice.
[3] A copy of the Lease with amendments will be provided to parties in interest upon written request therefor.

{00040114. }

substantial outdoor parking for trucks and some office space. At least fifty (50%) percent of the space is for parking large trucks and can accommodate one-hundred-plus trucks ("Parking Lot"). The trucks are parked in designated parking lots around the warehouse.

2. There is a large gate ("Gate") secured by a padlock ("Lock"). It closes off the driveway to entrance access and secures one-half of the entire Parking Lot. At some point post-petition, without notice to or securing permission from the Landlord, the Debtors put in place approximately ten (10) very substantial cement barriers to the exit of the driveway ("Barriers"). A photo showing some of the Barriers is attached hereto as **Exhibit A.** The Barriers greatly effect vehicle ingress and egress to the parking area. Vehicles can no longer gain access to the Parking Lot; the only way to get into the parking area is on foot around the barriers. This limits the practical use of the Parking Lot.

3. On August 6, 2023, and continuing into August 7, 2023 (as applicable to each Debtor, the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). These chapter 11 cases are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169].

4. On September 14, 2023, the Court entered an order approving expedited procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. 550] (the "Procedures Order"). The Procedures Order authorizes the Debtors to effectuate the rejection of leases by serving landlords with bare notice including the proposed effective date of rejection.

5. On October 30, 2024, counsel to the Debtors informally advised counsel to Landlord by email that the Lease formally would be noticed for rejection the next day, October

31, 2024.  However, that did not happen.  No formal Rejection Notice was filed on the docket that day.  Thereafter, on November 4 and 5, 2024, Landlord complained to counsel that the Debtors post-petition had put up Barriers that obstructed the parking area and had not yet turned over the keys to the Lock on the Gate and the alarm code. *See* **Exhibit B.**  On the same day following inquiry, a formal Rejection Notice was filed in accordance with the Procedures Order.  The Rejection Notice seeks Court approval to deem the Rejection Effective Date as October 31, 2024, four (4) days earlier than filed. The Rejection Notice also indicates that "[c]ertain furniture, fixtures, IT and security equipment, scrap and other miscellaneous de minimis items" will be abandoned.

6. The Rejection Notice does not seek authority to abandon the Barriers or address the Lock and security code.  Following the Rejection Notice, on November 6, 2024, Debtor sent Landlord an email directly that provided the Gate Combination Number and Key Lockbox Number.  A true and correct copy of that email is attached hereto as **Exhibit C.**

7. The November 6 email contains internally conflicting language.  It claims that "the Debtors shall fully relinquish control of the premises to you effective as of October 31, 2024."  But then, for the first time, it provides certain critical information: the Gate Combination and Key Lockbox Numbers.  The Debtors' email concludes, "[t]o the extent any keys, key codes, and security codes, if any, are not made available to you by the Debtors by October 31, 2024, you may rekey the leased premises on that date for your access."

8. But on October 31, 2024, the Lease was in full force and effect and the Premises were subject to the automatic stay.  The November 6 email was sent only after the full amount of November rent became due and payable.  The November 6 email, the Debtor's purported notice of surrender of the Lease, should not be given retroactive effect to October 31, 2024.  And the problem with full use and enjoyment of the Parking Lot created by the Barriers still persists.

**LIMITED OBJECTION**

9. Landlord does not oppose rejection of the Lease. Landlord objects to the Rejection Effective Date being deemed as October 31, 2024 or that any rejection be permitted until the Barriers are removed. Landlord objects because, as of the proposed Rejection Effective Date, the Lease was in full force and effect, no formal Rejection Notice was filed, Landlord did not have either the Gate Combination and Key Lockbox Numbers, and the Barriers remained (and still remain) in the Parking Lot. The Debtors had not on October 31, 2024 effectively returned full and unfettered possession and control over the Premises to Landlord. The Barriers remaining in place no doubt will prove a substantial impediment to re-letting the Premises.

10. The Bankruptcy Code at §365(d)(3) requires the debtor to timely honor all obligations due under an unexpired lease.[4] In this case, November rent under the Lease became due and payable on November 1, 2024. However, a bankruptcy court "has discretion to approve a rejection of a nonresidential lease pursuant to § 365(a) retroactive to the motion filing date, when principles of equity so dictate." *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004)(citation omitted). *See also In re TW, Inc.*, 2004 U.S. Dist. LEXIS 671 at *5 (D. Del. Jan. 14, 2004)(Debtor has burden of proof for retroactive relief). Here, however, the Rejection Date Notice offers no reason why an earlier date for rejection is warranted and the request should be denied.

11. It is axiomatic that a debtor is required to *fully* vacate and surrender possession of a leased space as a condition to the effective date of rejection. *Chi-Chi's, Inc.*, 305 B.R. at 399 (holding that the appropriate date of the deemed rejection was the date the debtors surrendered

---

[4] Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, that "the trustee shall timely perform all of the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3). Landlord reserves all rights.

the premises, which was when the landlords were able to enter into agreements with the current tenants); *see also In re Namco Cybertainment, Inc.*, Case No. 98-00173 (PJW) (Bankr. D. Del. Jan. 21, 1998). Judge Walsh noted that the granting of an effective rejection date prior to the occurrence of a hearing to consider rejection is permissible only when, among other things, the premises have been actually surrendered with an unequivocal statement to the landlord of abandonment. *Namco*, H'rg Tr. at 35:13-24.

12. Here, Debtor did not (and still has not) fully surrendered possession, control and useful enjoyment of the Premises to Landlord. Among other things, on October 31, Landlord did not have the security code to the Gate and could not secure the Premises. Also, the Barriers block Landlord and any future tenant's ability to access the Parking Lot by vehicle. The Rejection Effective Date should not be set unless and until the Debtor makes arrangement with Landlord to remove the Barriers.

**WHEREFORE,** Landlord objects to the proposed Rejection Effective Date unless and until the Barriers are removed and requests the Court grant such further and other relief consistent with this Objection.

Dated: November 11, 2024
         Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE 3995)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com

*Counsel for Landlord*