**<u>Exhibit 1</u>**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[4] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION BY AND AMONG THE DEBTORS AND
REALTERM LANDLORDS TO RESOLVE LANDLORDS' MOTION TO COMPEL
PERFORMANCE UNDER ASSUMED LEASES, AND FOR RELATED RELIEF**

Yellow Corporation and its debtor affiliates as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and the lessors identified in **Exhibit A** hereto (collectively, the "Realterm Landlords" and, together with the Debtors, the "Parties") respectfully submit this proposed stipulation and agreed order (this "Stipulation") and hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, on August 6, 2023 and continuing into August 7, 2023 (as applicable to each Debtor, the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169].

---

[4] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

**WHEREAS**, Yellow Corporation or one of its Debtor affiliates was party to certain prepetition leases for nonresidential real property with the Realterm Landlords identified in **Exhibit A** hereto (the "Leases").

**WHEREAS**, on October 26, 2023, the Debtors filed the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* [Docket No. 968] (the "Cure Notice"), which identified proposed cure amounts for the Leases.

**WHEREAS**, on November 13, 2023, the Court entered the *Order, Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 1127], which extended the Debtors' deadline to assume or reject nonresidential real property leases, including the Leases, under section 365(d)(4) of the Bankruptcy Code (the "365(d)(4) Deadline") through and including March 4, 2024.

**WHEREAS**, on November 16, 2023, the Realterm Landlords filed the *Objection and Reservation of Rights to the Debtors' Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* [Docket No. 1161], pursuant to which the Realterm Landlords objected to the proposed cure amounts in the Cure Notice.

**WHEREAS**, on February 12, 2024, the Debtors filed the *Debtors' Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Assume Certain Unexpired Leases and (II) Granting Related Relief* [Docket No. 2157] (the "Assumption Motion"), pursuant to which, among other things, the Debtors sought authority to assume the Leases.

**WHEREAS**, on March 4, 2024, the Realterm Landlords filed the *Objection and Reservation of Rights of Certain Landlords to the Debtors' Omnibus Motion for Entry of an Order*

*(I) Authorizing the Debtors to Assume Certain Unexpired Lease and (II) Granting Related Relief* [Docket No. 2157].

**WHEREAS**, on April 19, 2024, after a hearing on the Assumption Motion, the Court entered the *Order (A) Authorizing the Debtors to Assume Certain Unexpired Leases and (B) Granting Related Relief* [Docket No. 3086], authorizing assumption of the Leases (the "Assumed Leases").

**WHEREAS**, on September 9, 2024, the Lessors filed the *Landlords' Motion to Compel Performance Under Assumed Leases, and for Related Relief* [Docket No. 3086] (the "Motion to Compel").

**WHEREAS**, the Parties have engaged in negotiations to resolve their issues concerning the Motion to Compel and such discussions have resulted in certain agreed-to-terms.

**WHEREAS**, the Parties desire to memorialize their agreement in this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1. The Debtors represent, covenant, and agree that the Debtors and/or their employees, agents, servants, members, assigns, contractors, or sub-lessees will not operate an auto or any vehicle of any kind at any of the Assumed Lease properties identified on Exhibit A absent providing at least five (5) days advanced written proof of compliant automobile liability coverage under the Assumed Leases to the Realterm Landlords (unless otherwise agreed by the Realterm Landlords); *provided* that, subject to the consent of the Realterm Landlords (such consent not to be unreasonably withheld), any third-party may present their own proof of insurance and be permitted to operate autos on the premises of the Assumed Leases; *provided*, *further*, that as it

3

applies to CBRE Group, Inc. ("CBRE") or representatives of CBRE, CBRE will provide proof of insurance and shall be permitted to operate autos on the premises of the Assumed Leases in connection with marketing the Assumed Leases.

2. The Debtors represent that they will remove all owned and operational rolling stock units from the premises of the Assumed Leases, other than the Bloomington, CA Lease, no later than November 1, 2024; *provided* that the owned and operational rolling stock units at the Bloomington, CA Lease will be removed no later than December 1, 2024; *provided*, *further*, that certain nonoperational rolling stock units that are the subject of legal disputes may remain at the premises of the Assumed Leases until they are no longer the subject of legal disputes, or as soon as reasonably practicable thereafter.  Any contractor performing such work will provide proof of insurance.

3. The Debtors agree to pay the Realterm Landlords for their reasonable and necessary attorneys' fees and expenses incurred between May 2024 and the Court's approval of the Stipulation in an amount not less than $347,096.00, which may continue to accrue through the date of effectiveness of the Stipulation, in connection with efforts to resolve any insurance related dispute.  The Debtors agree to pay such fees and expenses within five (5) days of the Court's approval of the Stipulation.

4. Nothing contained in this Stipulation or any actions taken by the Debtors pursuant to relief granted herein is intended or should be construed as:  (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; or (d) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

5. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this Stipulation.

6. The Parties acknowledge that this Stipulation is the joint work product of the Parties, and that, accordingly, in the event of ambiguities, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

7. This Stipulation shall be binding upon the Parties, their estates, successors, agents, assigns, including any chapter 7 or other bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

8. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

9. The Court retains sole and exclusive jurisdiction to enforce the provisions of this Stipulation.

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated: November 4, 2024
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 W Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |
| P.O. Box 8705 | Telephone:  (312) 862-2000 |
| Wilmington, Delaware 19801 | Facsimile:  (312) 862-2200 |
| Telephone:  (302) 652-4100 | Email:  patrick.nash@kirkland.com |
| Facsimile:  (302) 652-4400 |   david.seligman@kirkland.com |
| Email:  ljones@pszjlaw.com | |
|   tcairns@pszjlaw.com | -and- |
|   pkeane@pszjlaw.com | |
|   ecorma@pszjlaw.com | Allyson B. Smith (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone:  (212) 446-4800 |
| | Facsimile:  (212) 446-4900 |
| | Email:  allyson.smith@kirkland.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |

*/s/ Leslie C. Heilman*

| | |
|---|---|
| Leslie C. Heilman (DE 4716) | Bradley R. Foxman (admitted *pro hac vice*) |
| Laurel D. Roglen (DE 5759) | James J. Lee (admitted *pro hac vice*) |
| Nicholas J. Brannick (DE 5721) | Matthew W. Moran (admitted *pro hac vice*) |
| Margaret Vesper (DE 6995) | Sara E. Zoglman (admitted *pro hac vice*) |
| **BALLARD SPAHR LLP** | **VINSON & ELKINS LLP** |
| 919 North Market Street, 11th Floor | 2001 Ross Avenue, Suite 3900 |
| Wilmington, DE 19801-3034 | Dallas, TX 75201 |
| Telephone:  (302) 252-4465 | Telephone:  (214) 220-7700 |
| Facsimile:  (302) 252-4466 | Facsimile:  (214) 220-7716 |
| Email:  heilmanl@ballardspahr.com | Email:  bfoxman@velaw.com |
|   roglenl@ballardspahr.com |   jimlee@velaw.com |
|   brannickn@ballardspahr.com |   mmoran@velaw.com |
|   vesperm@ballardspahr.com |   szoglman@velaw.com |
| | |
| | *Co-Counsel to Realterm Landlords* |

**Exhibit A**

| Realterm Landlord | Debtor-Tenant | Lease | Property |
|---|---|---|---|
| NATMI LPF Bloomington, LP | YRC Inc. | Lease Agreement dated January 30, 2009, as amended to date | 18298 Slover Avenue, Bloomington, California |
| NATMI National FX Properties, LLC | USF Reddaway Inc. | Lease Agreement dated April 13, 2011, as amended to date | 19604 84th Street, Kent, Washington |
| NATMI National Truck Terminals, LLC | YRC Inc. | Lease Agreement dated January 30, 2009, as amended to date | 6930 Cactus Court, San Diego, California |
| NATMI Truck Terminals, LLC | New Penn Motor Express, LLC | Lease Agreement dated February 13, 2009, as amended to date | 28 Sterling Road, Billerica, Massachusetts |
| | YRC Inc. | Lease Agreement dated January 30, 2009, as amended to date | 10451 Colonel Court, Manassas, Virginia |
| RLF I-Pico SPE, LLC | YRC Inc. | Lease Agreement dated August 30, 2019 | 9933 Beverly Boulevard, Pico Rivera, California |
| RLF Booth SPE, LLC | YRC Inc. | Lease Agreement dated August 31, 2009, as amended to date | 3500 Booth Avenue, Kansas City, Missouri |
| RLF I-A SPE, LLC | YRC Inc. | Lease Agreement dated January 2, 1996, as amended to date | 1130 S Reservoir St., Pomona, California |
| RLF I-C SPE, LLC | YRC Inc. | Lease Agreement dated January 30, 2009, as amended to date | 14700 Smith Road, Aurora, Colorado |
| Terminal Logistics II Texas SPE, LP | YRC Inc. | Lease Agreement dated July 31, 2012, as amended to date | 12340 East Northwest Highway, Garland, Texas |