**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| YELLOW CORPORATION, *et al.,*[1] | : | Case No. 23-11069 (CTG) |
| Debtor(s). | : | (Jointly Administered) |
| | : | |
| | | Hearing Date: January 21, 2025 @ 10:00 a.m. (ET) |
| | | Obj. Deadline: December 18, 2024 @ 4:00 p.m. (ET) |

**MOTION OF OMNI LOGISTICS, LLC FOR ALLOWANCE AND**
**PAYMENT OF EXPENSE OF ADMINISTRATION**

Omni Logistics, LLC ("Omni"), by and through its undersigned counsel, submits this Motion for Allowance and Payment of an Expense of Administration ("Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) granting Omni allowance of an administrative expense claim pursuant to 11 U.S.C. §§ 503(b) and 507 in the amount of $74,550 (the "Administrative Expense Claim") and (b) compelling immediate payment of the Administrative Expense Claim. In support of the Motion, Omni relies upon and incorporates by reference the Declaration of M. Darin Gordon (the "Gordon Decl."), filed contemporaneously herewith. In further support of the Motion, Omni states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Standing Order").

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/case/yellowcorporation/info. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

{00040338. }

2. This is a core proceeding under 28 U.S.C. § 157(b)(2) and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. Omni consents to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein are sections 503(b)(1) and 507(a)(2) of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

## BACKGROUND

5. On August 6, 2023 (the "Petition Date"), each of the following above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6. The Debtors maintain their assets as debtors and debtors in possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

7. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Directing Joint Administration of Chapter 11 Cases entered by the Court on August 9, 2023, in each of the Chapter 11 Cases. *See* D.I. 169.

8. Omni is a freight broker and logistics provider arranging for the interstate transportation of goods (the "Services"). Decl. at ¶5.

9. From and after the Petition Date through the date of this Motion, Omni has continued to provide Services to the Debtors, and Debtors and their estates have knowingly

requested, accepted, utilized and benefited from such Services. However, the Debtors have failed to pay all post-petition Invoices for Services now over due and owing. Specifically, Omni is owed an amount not less than $74,500 for unpaid post-petition Services provided during the period from and after the Petition Date. Decl. at ¶11.

## RELIEF REQUESTED

10. By this Motion, Omni seeks allowance and immediate payment of the Administrative Expense Claim in an amount not less than $74,500[2] for billed and unpaid post-petition Services.

## LEGAL STANDARD AND ARGUMENT

11. Section 503(b)(1)(A) of the Bankruptcy Code provides that: "[a]fter notice and a hearing, there shall be allowed administrative expenses, . . . including - the actual, necessary costs and expenses of preserving the estate[.]" Section 507(a)(2) of the Bankruptcy Code affords second payment priority to administrative expenses allowed under Section 503(b) of the Bankruptcy Code. The Third Circuit found that a claim is entitled to "first priority in its entirety under [§503(b)(1)(A)], if the consideration supporting the claimant's right to payment is beneficial to the debtor-in-possession *in the operation of the business.*" *Calpine Corp v. O'Brien Environment Energy, Inc.* (*In re O'Brien Environmental*), 181 F.3d 527, 532-533 (3d Cir. 1999) (emphasis added) (citing *Cramer v. Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir. 1976)); *see also Penn. Dept. of Env't Res. v. Tri-State Clinical Laboratories, Inc.* 178 F.3d. 685, 689 (3rd Cir. 1999) (The term "necessary costs" under section 503(b)(1)(a) "include[s]

---

[2] Omni reserves the right to increase this amount for additional Services as and when such Invoices become due and owing.

costs ordinarily incident to operation of a business, and [should] not be limited to costs without which rehabilitation would be impossible."). Section 503(b)(1)(a) applies a "quid pro quo pursuant to which the estate accrues a debt in exchange for some consideration necessary to the operation or rehabilitation of the estate", affording priority "to compensate the providers of necessary goods, services or labor." *Penn. Dept. of Env't Res.,* 178 F. 3d 685 at 690. "Absent the priority established under § 503, a debtor in possession could not . . . obtain services necessary to its operation as it attempts to reorganize, or wind-down pending ultimate liquidation." *Id.* at 689-90.

12. The two elements required for allowance of an administrative expense claim are (1) a transaction with the debtor-in-possession, (2) in which the claimant furnishes consideration which benefits the bankruptcy estate. *See, e.g., In re Marcal Paper Mills, Inc.,* 650 F.3d 311, 314-15 (3d Cir. 2011) (*citing Calpine Corp. v. O'Brien Env't Energy, Inc.* (*In re O'Brien Env't Energy, Inc.*), 181 F.3d 527, 532-33 (3d Cir. 1999)); *In re Hayes Lemmerz Int., Inc.,* 340 B.R. 461, 472 (Bankr. D. Del. 2006)(citing *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.),* 5 F.2d 950, 954 (1st Cir.1976); *In re ID Liquidation One, LLC*, 503 B.R. 392, 399 (Bankr. D. Del. 2013) (citation and internal quotation marks omitted).

    A.    **The Administrative Expense Claim Should Be Allowed .**

13. Omni satisfies the standard set by the Third Circuit and other relevant case law for allowance of an expense of administration. The Debtors post-petition requested that Omni provide the Services. Omni provided the Services totaling not less than $74,550 and continues to provide Services. *See* Decl. at ¶11. A true and correct copy of the invoices is attached to the Decl. as Exhibit A (collectively, the "Invoices"). The Invoices each arose out of a

post-petition transaction with the debtors in possession. Specifically, from October, 2023 through December, 2023, the Debtors requested Services and Omni provided them. Omni arranged for the transportation of approximately two hundred shipments necessary to the Debtors' business operations. The Services were necessary to the operation of the Debtors' business and benefitted and preserved the estate.

14. Omni's Administrative Expense Claim constitutes "actual, necessary costs and expenses of preserving that estate" that should be allowed as an administrative expense.[3]

### B. The Administrative Expense Claim Should be Paid Immediately.

15. Courts have discretion to determine the timing of administrative expense payments, weighing prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors. See *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005). Omni has continued to comply with the automatic stay of section 362 of the Bankruptcy Code and has patiently worked with the Debtors to try to arrange for payment of its post-petition expenses.

16. Omni has followed up with Debtors, addressing and reiterating the post-petition Invoices are past due and owing.

### C. 49 U.S.C. § 13710(a)(3)(B) Does Not Apply to or Bar Omni's Administrative Expense Claim.

---

[3] Section 1129(a)(9)(A) of the Bankruptcy Code requires that, unless agreed otherwise, each holder of an administrative claim will receive cash equal to the allowed amount of such claim on the effective date of the plan. *In re Molycorp, Inc.*, 562 B.R. 67, 77 (Bankr. D. Del. 2017).

17. 49 U.S.C. § 13710(a)(3)(A) provides, "[i]n those cases where a motor carrier (other than a motor carrier providing transportation of household goods or in noncontiguous domestic trade) seeks to collect charges in addition to those billed and collected which are contested by the payor, the carrier may request that the Board determine whether any additional charges over those billed and collected must be paid. A carrier must issue any bill for charges in addition to those originally billed within 180 days of the receipt of the original bill in order to have the right to collect such charges."

18. 49 U.S.C. § 13710(a)(3)(B) further provides that "[i]f a shipper seeks to contest the charges originally billed or additional charges subsequently billed, the shipper may request that the Board determine whether the charges billed must be paid. A shipper must contest the original bill or subsequent bill within 180 days of receipt of the bill in order to have the right to contest such charges."

19. Debtors allege that Omni's invoices are time-barred because they were submitted more than one hundred eighty (180) days after the services were performed. This is incorrect. Omni's Invoices are not barred by 49 U.S.C. § 13710(a)(3)(B). 49 U.S.C. § 13710 applies only to billing disputes between shippers and motor carriers. 49 U.S.C. § 13710 is inapplicable to Omni's Administrative Expense Claim.

20. First, by the statute's plain language, 49 U.S.C. § 13710 applies only to motor carriers and shippers. It does not apply to freight brokers such as Omni, and no court has found the statute applicable to a freight broker.

21. Even if the Court were to find the statute applicable to Omni, it does not govern Omni's Administrative Expense Claim. 49 U.S.C. § 13710(a)(3) governs billing disputes. Omni's

Administrative Claim does not involve a dispute as to the validity of the Invoices issued from Omni to Debtors.

22. Debtors do not contest that Omni provided the Services, nor do Debtors assert that there were overcharges or dispute the validity of the Invoices issued.

23. 49 U.S.C. § 13710(a)(3)(B) establishes a one hundred eighty (180) day notification period for shippers involved in "billing disputes."

24. The provisions of 49 U.S.C. § 13710 do not establish a deadline for issuing invoices for services performed, nor does it apply to unbilled shipments. It simply governs billing disputes and is inapplicable to Omni's Administrative Expense Claim. *See Southern Furniture Leasing, Inc. v. YRC, Inc.*, 423 F.Supp.3d 1163 (D. Kansas 2019) and *Interboro Packaging Corp., v. New Penn Motor Express, LLC*, 2023 WL 1993887 (S.D.N.Y. 2023).

25. In fact, actions to recover freight charges must be brought within eighteen months of delivery. 49 U.S.C. § 14705. This statute must be read in conjunction with § 13710 which requires that disputed freight charges be contested within one hundred eighty (180) days. See also William J. Aguello, Esq., Transportation, Logistics, & the Law, Pg. 63-65 (2001).

26. As such, Omni's Administrative Expense Claim is not time barred.

**RESERVATION OF RIGHTS**

27. By submitting this Motion, Omni does not waive any rights, remedies, liens, interests, priorities, protections, claims, right to any security, or any other right or rights with respect to any claim that Omni has or may have against the Debtors or any of their affiliates, or any other person or persons.

**WHEREFORE**, Omni Logistics LLC respectfully requests that the Court enter the proposed order attached as Exhibit A allowing Omni's administrative claim in the amount of

$74,550 and directing the prompt payment of such claim, and granting such further relief as is just and proper.

Dated: December 4, 2024
       Wilmington, Delaware

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE Bar No.3995)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com

and

Megan K. Bolt, Esq.
**Helmreich Law LLC**
10250 Landis Blvd., Fishers, Indiana 46040
Email: megan@helmreichlaw.com
Mobile: (765) 639-1174

*Attorneys for Omni Logistics, LLC*

{00040338. }