**Exhibit 2**

**Lease Termination Agreement**

**Execution Version**
**Confidential**

## LEASE TERMINATION AGREEMENT

This Lease Termination Agreement (this "Agreement") is made as of this 6th day of December 2024 by and between the landlords set forth on Schedule 1 hereto (each, a "Landlord" and collectively, the "Landlords") on one hand, and the tenants set forth on Schedule 1 hereto (each, a "Tenant" and collectively, the "Tenants") on the other hand.

## RECITALS

WHEREAS, the Landlords entered into certain lease agreements (each, as amended or modified from time to time, a "Lease" and collectively, the "Leases") with the Tenant set forth opposite each Landlord on Schedule 1 hereto, covering the premises on Schedule 1 hereto (the "Premises") opposite such Landlord and Tenant, on the terms and conditions set forth therein;

WHEREAS, the Tenants, along with its affiliated debtors and debtors in possession, have filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Landlords and the Tenants desire to enter into this Agreement to, among other things, restore the Landlords' possession of the applicable Premises as of the Termination Date (as hereinafter defined), release each other of all further obligations under the Leases, and enable the Landlords to dispose of any remaining equipment of the Tenants at the applicable Premises in their sole and absolute discretion.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, the Landlords and the Tenants hereby covenant and agree as follows subject only to an order of the Bankruptcy Court approving this Agreement:

## AGREEMENT

1. Recitals. The Recitals are incorporated herein as if set forth at length.

2. Lease Termination. Subject to the terms and conditions of this Agreement, the Leases are terminated effective as of January 31, 2025 (the "Termination Date").

3. Consideration. On the Termination Date, the Landlords shall (a) pay to the Tenants $41,500,000.00 in cash (the "Termination Fee"), and (b) waive any and all claims against the Tenants and any of their affiliates, including cure costs and/or rejection damages under Section 365 of the Bankruptcy Code, or any other obligations of the Tenants, whether known or unknown, related to the Leases.

4. Landlord Release of the Tenants. For valuable consideration, and the mutual covenants and agreements contained herein, the Landlords do hereby fully, forever and irrevocably release, discharge and acquit the Tenants, and their respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities (collectively, the "Tenant Released Parties"), of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and

expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, based upon, arising out of, with respect to, relating to, or by reason of (i) the Leases, (ii) the applicable Premises, (iii) the use or occupancy of the applicable Premises, (iv) any actions or omissions in connection with any of the foregoing, (v) any violation or alleged violation of law or the Leases based on, arising out of, or relating to any of the foregoing, and (vi) any action or proceeding arising out of or relating to any of the foregoing, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Leases.  For the avoidance of doubt, nothing herein shall release or otherwise affect any liability or obligation of the Tenant Released Parties to the Landlords in connection with any other lease agreement, asset purchase agreement, or other contract, agreement or occurrence or to any claims or other matters related to a breach of this Agreement by the Tenants.

5. <u>Tenants Release of the Landlords</u>.  For valuable consideration, and the mutual covenants and agreements contained herein, the Tenants do hereby fully, forever and irrevocably release, discharge and acquit the Landlords, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities (collectively, the "<u>Landlord Released Parties</u>"), of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Leases; <u>provided</u>, <u>however</u>, that such release does not apply to any claims or other matters related to a breach of this Agreement by the Landlords.

6. <u>Acknowledgements</u>.  Except as otherwise provided in this Agreement, each party hereby agrees, represents and warrants to the other that it realizes and acknowledges that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and each party further agrees, represents and warrants to the other that this Agreement has been negotiated and agreed upon in light of that realization and that, except as expressly limited above, it nevertheless hereby intends to release, discharge, and acquit the other party from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

7. <u>Conditions Precedent</u>.  As a condition precedent to the effectiveness of this Agreement, each and all of the following shall have occurred no later than the Termination Date:

(a) The Tenants have delivered possession of the applicable Premises to the Landlords in accordance with the requirements of this Agreement;

(b) The Tenants have delivered to the Landlords the keys and access codes to the applicable Premises;

(c) an order has been entered by the Bankruptcy Court approving the entirety of this Agreement;

(d) the Landlords have delivered the Termination Fee to the Tenants; and

(e) the parties having complied with their covenants and agreements set forth in this Agreement to be performed on or before the Termination Date.

8. <u>Furniture, Fixtures and Equipment</u>.  Any furniture, fixtures and equipment owned by any of the Tenants (collectively, "<u>FF&E</u>") remaining at the applicable Premises after the Termination Date is deemed abandoned and the Landlords and their managing agents are free to dispose of the FF&E in their sole and absolute discretion without liability to the Tenants or any entity.

9. <u>Authority to Settle</u>.  Each of the parties to this Agreement respectively represents and warrants that, subject to an order of the Bankruptcy Court, each such party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby.  Each of the parties to this Agreement respectively represents and warrants that each such party owns and controls each of the claims, causes of action, or other matters that are the subject matter of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

10. <u>Entire Agreement</u>.  This Agreement, including the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement, and supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral.  Each of the parties to this Agreement respectively represents and warrants that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement.  Each of the parties to this Agreement further acknowledges that such party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

11. <u>Advice of Counsel</u>.  Each of the parties to this Agreement respectively represents and warrants to the other party that each such party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or that it has had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or has had the opportunity to have had, the same explained to it by its own counsel.  In entering into this Agreement, no party is relying on any representation or statement made by any other party hereto or any person representing such other party.

12. <u>Attorneys' Fees</u>.  Each party to this Agreement agrees that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing party shall be entitled to recover its costs and attorneys' fees.

13. <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document.  Further, each of the parties to this Agreement agrees that scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

14. <u>Governing Law.</u>  This Agreement shall be governed by and construed under the laws of the State of Delaware, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

15. <u>Jurisdiction.</u>  Each party to this Agreement consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of Delaware with respect to all matters arising under or relating to this Agreement.  Each party to this Agreement hereby irrevocably waive any objection on the grounds of venue, forum non-conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  Each party to this Agreement further hereby waives any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

16. <u>Miscellaneous</u>.

(a) The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.  This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the parties hereto.

(b) This Agreement and each of its provisions are binding upon and shall inure to the benefit of Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c) Each of the parties to this Agreement shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement.  Each of the parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement.

(d) Each of the parties to this Agreement shall pay all of its own legal fees, costs, and any other expenses incurred or to be incurred in connection with the consummation of this Agreement.

(e) The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all parties hereto and their counsel.  Because this Agreement was drafted with the participation of all parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.  Each of the parties to this Agreement respectively represents and warrants that each such party was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the parties to this Agreement.

*[Signatures appear on following page]*

IN WITNESS HEREOF, Landlord and Tenant have duly executed this Agreement as of the date and year first written above.

**LANDLORDS:**

**Estes Express Lines**

By: _[signature]_

Print Name: ANGELA J. MAPMENT

Its: V.P CORPORATE REAL ESTATE AND LEGAL AFFAIRS


**Commerce Road Terminals LLC**

By: _[signature]_

Print Name: ANGELA J. MAPMENT

Its: PRESIDENT


**TENANTS:**

**YRC Inc.**

By: _____

Print Name: _____

Its: _____


**USF Reddaway, Inc.**

By: _____

Print Name: _____

Its: _____


**USF Holland, LLC**

By: _____

Print Name: _____

Its: _____


*[Signature Page to Lease Termination Agreement]*

IN WITNESS HEREOF, Landlord and Tenant have duly executed this Agreement as of the date and year first written above.

**LANDLORDS:**

**Estes Express Lines**

By: _____
Print Name: _____
Its: _____

**Commerce Road Terminals LLC**

By: _____
Print Name: _____
Its: _____

**TENANTS**:

**YRC Inc.**

By: *Daniel L. Olivier* (Signed by)
Print Name: Daniel Olivier
Its: Authorized Signatory

**USF Reddaway Inc.**

By: *Daniel L. Olivier* (Signed by)
Print Name: Daniel Olivier
Its: Authorized Signatory

**USF Holland LLC**

By: *Daniel L. Olivier* (Signed by)
Print Name: Daniel Olivier
Its: Authorized Signatory

[*Signature Page to Lease Termination Agreement*]

## Schedule 1

| Landlord | Tenant | Lease Agreement | Premises | Property Number |
|---|---|---|---|---|
| Estes Express Lines | YRC Inc. | That certain Lease Agreement, dated as of August 28, 2009, by and between Estes Express Lines and YRC Inc., as amended. | 72 Second Street, Kearny, NJ 07032 | Y111 |
| Commerce Road Terminals LLC | USF Reddaway, Inc. | That certain Lease Agreement, dated as of May 28, 2009, by and between G.I. Trucking Company and USF Reddaway, Inc., as amended. | 1701 SW First Street, Redmond, OR 97756 | R810 |
| Estes Express Lines | USF Holland LLC | That certain Lease Agreement, dated as of May 27, 2009, by and between Estes Express Lines and USF Holland, LLC (f/k/a USF Holland, Inc.), as amended. | 400 Holland Street, Tomah, WI 54660 | H396 |